# SQUIRES *v.* BROOKS.

DAMAGES; NEGLIGENCE; PROXIMATE CAUSE.

Where the owner of an automobile, by his agent, leaves the automobile unlocked and unattended in violation of a municipal regulation, and

another person making use of the automobile drives it at such a reckless and unlawful rate of speed as to damage the automobile of a third person, the proximate cause of the injury is the negligence of the driver of the car, and not the negligence of the owner's agent in violating the ordinance; and consequently there can be no recovery against the owner for the injury.

No. 2844.    Submitted December 7, 1915.    Decided January 3, 1916.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia sustaining a demurrer to the declaration in an action to recover damages for injury to an automobile.                              *Affirmed.*

The COURT in the opinion stated the facts as follows:

This action is based upon the alleged negligence of defendant, Leo C. Brooks, in that his agent left defendant's automobile standing on a street in the city of Washington, unattended, without first removing the switch-pin, or locking the "lever, throttle, or switch," as required by sec. 4, art. 24, of the Police Regulations of the District; that, while the automobile was so unattended, some person to plaintiff, Mary L. Squires, unknown, appropriated defendant's automobile to his own use, and, while driving at a reckless and unlawful rate of speed, collided with plaintiff's automobile, inflicting the damage for which an award is sought.

From a judgment sustaining a demurrer to the declaration, plaintiff appeals.

*Mr. J. H. Ralston* and *Mr. W. E. Richardson* for the appellant.

*Mr. Henry F. Woodard* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The demurrer was properly sustained, since the declaration clearly failed to state a cause of action against defendant. The

act of defendant's agent in leaving the automobile on the street unlocked and unattended, in violation of the Police Regulations, was not the proximate cause of the accident. Defendant had no privity with the person who appropriated to his own use his automobile, and, while so unlawfully using the vehicle, inflicted the alleged injury. Between plaintiff and defendant an agency intervened, for which defendant was not responsible, and to which the accident is directly attributable. It is charged that the accident would not have occurred had defendant's agent not left the automobile unlocked on the street. Neither would it have occurred had not the unknown person unlawfully appropriated the automobile to his own use. The first unlawful act was only a remote cause of the accident, while the second unlawful act was the proximate cause. However negligent defendant may have been in violating the Police Regulations, he was in no way a party to the alleged reckless and unlawful acts which caused the accident.

The judgment is affirmed, with costs. *Affirmed.*