## ROSS v. HARTMAN.
### No. 8413.

United States Court of Appeals.
District of Columbia.

Argued Oct. 12, 1943.

Decided Nov. 22, 1943.

Mr. Charles H. Houston, of Washington, D. C., with whom Mr. Joseph C. Waddy and Mrs. Margaret A. Haywood, both of Washington, D. C., were on the brief, for appellant.

Mr. Howard Boyd, of Washington, D. C., with whom Mr. Edmund L. Jones, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal by the plaintiff from a judgment for the defendant in a personal injury action.

The facts were stipulated. Appellee's agent violated a traffic ordinance of the District of Columbia[1] by leaving appellee's truck unattended in a public alley, with the ignition unlocked and the key in the switch. He left the truck outside a garage "so that it might be taken inside the garage by the garage attendant for night storage," but he does not appear to have notified anyone that he had left it. Within two hours an unknown person drove the truck away and negligently ran over the appellant.

The trial court duly directed a verdict for the appellee on the authority of Squires v. Brooks.[2] That case was decided in 1916. On facts essentially similar to these, and despite the presence of a similar ordinance, this court held that the defendant's act in leaving the car unlocked was not a "proximate" or legal cause of the plaintiff's injury because the wrongful act of a third person intervened.[3] We cannot reconcile that decision with facts which have become clearer and principles which have become better established than they were in 1916, and we think it should be overruled.

---

[1] "Locks on Motor Vehicles. Every motor vehicle shall be equipped with a lock suitable to lock the starting lever, throttle, or switch, or gear-shift lever, by which the vehicle is set in motion, and no person shall allow any motor vehicle operated by him to stand or remain unattended on any street or in any public place without first having locked the lever, throttle, or switch by which said motor vehicle may be set in motion." Traffic and Motor Vehicle Regulations for the District of Columbia, Section 58.

[2] 44 App.D.C. 320.

[3] Slater v. T. C. Baker Co., 1927, 261 Mass. 424, 158 N.E. 778, and Castay v. Katz & Besthoff, Ltd., La.App.1933, 148 So. 76, are to similar effect; but cf. Malloy v. Newman, 1941, 310 Mass. 269, 37 N.E. 2d 1001.

Everyone knows now that children and thieves frequently cause harm by tampering with unlocked cars. The danger that they will do so on a particular occasion may be slight or great. In the absence of an ordinance, therefore, leaving a car unlocked might not be negligent in some circumstances, although in other circumstances it might be both negligent and a legal or "proximate" cause of a resulting accident.[4]

■ But the existence of an ordinance changes the situation. If a driver causes an accident by exceeding the speed limit, for example, we do not inquire whether his prohibited conduct was unreasonably dangerous. It is enough that it was prohibited. Violation of an ordinance intended to promote safety is negligence. If by creating the hazard[5] which the ordinance was intended to avoid it brings about the harm which the ordinance was intended to prevent, it is a legal cause of the harm.[6] This comes only to saying that in such circumstances the law has no reason to ignore and does not ignore the causal relation which obviously exists in fact. The law has excellent reason to recognize it, since it is the very relation which the makers of the ordinance anticipated. This court has applied these principles to speed limits and other regulations of the manner of driving.[7]

■ The same principles govern this case. The particular ordinance involved here is one of a series which require, among other things, that motor vehicles be equipped with horns and lamps. Ordinary bicycles are required to have bells and lamps,[8] but they are not required to be locked. The evident purpose of requiring motor vehicles to be locked is not to prevent theft for the sake of owners or the police, but to promote the safety of the public in the streets. An unlocked motor vehicle creates little more risk of theft than an unlocked bicycle, or for that matter an unlocked house, but it creates much more risk that meddling by children, thieves, or others will result in injuries to the public. The ordinance is intended to prevent such consequences. Since it is a safety measure, its violation was negligence.[9] This negligence created the hazard and thereby brought about the harm which the ordinance was intended to prevent. It was therefore a legal or "proximate" cause of the harm.[10] Both negligence and causation

---

[4] Lee v. Van Beuren & New York Bill Posting Co., 190 App.Div. 742, 180 N.Y.S. 295; Gumbrell v. Clausen-Flanagan Brewery, 199 App.Div. 778, 192 N.Y.S. 451; Connell v. Berland, 223 App.Div. 234, 228 N.Y.S. 20.

Contra, Rhad v. Duquesne Light Co., 255 Pa. 409, 100 A. 262, L.R.A.1917D, 864.

The New York Court of Appeals has said broadly that "If one is negligent in leaving a motor vehicle improperly secured, if as a result thereof and in immediate sequence therewith some other event occurs, which would not have occurred except for such negligence, and if injury follows, such a one is responsible, even though the negligent act comes first in order of time." Maloney v. Kaplan, 233 N.Y. 426, 135 N.E. 838, 839, 26 A.L.R. 909.

[5] Cf. Boronkay v. Robinson & Carpenter, 247 N.Y. 365, 160 N.E. 400.

[6] Clements v. Potomac Electric Power Co., 26 App.D.C. 482; Janof v. Newsom, 60 App.D.C. 291, 53 F.2d 149; Martin v. Herzog. 228 N.Y. 164, 126 N.E. 814; De-Haen v. Rockwood Sprinkler Co., 258 N.Y. 350, 179 N.E. 764; Osborne v. McMasters, 40 Minn. 103, 41 N.W. 543, 12 Am. St.Rep. 698; Restatement, Torts, §§ 286, 449.

[7] Capital Traction Co. v. Apple, 34 App. D.C. 559; Danzansky v. Zimbolist, 70 App.D.C. 234, 105 F.2d 457.

[8] §§ 53(c), 47(c).

[9] In Rosenberg v. Murray, 73 App.D.C. 67, 116 F.2d 552, on which appellee relies, it did not appear that either the owner of the car or any agent whom he had employed to drive it had acted negligently.

[10] This does not mean that one who violates a safety ordinance is responsible for all harm that accompanies or follows his negligence. He is responsible for the consequences of his negligence but not for coincidences. If in the present case, for example, the intermeddler had simply released the brake of appellee's truck, without making use of the ignition key or the unlocked switch, and the truck had thereupon rolled downhill and injured appellant, appellee would not have been responsible for the injuries because of the negligence of his agent in leaving the switch unlocked, since it would have had no part in causing them. In other words the fact that the ignition was unlocked, which alone gave the agent's conduct its negligent character, would have had nothing to do with bringing about the harm.

Neither do we suggest that the ordinance should be interpreted as intended to apply in all possible circumstances. In some emergencies, no doubt, the act of leaving a car unlocked and unattended in a public

**16**

are too clear in this case, we think, for submission to a jury.

The fact that the intermeddler's conduct was itself a proximate cause of the harm, and was probably criminal, is immaterial. Janof v. Newsom[11] involved a statute which forbade employment agencies to recommend servants without investigating their references. An agency recommended a servant to the plaintiff without investigation, the plaintiff employed the servant, and the servant robbed the plaintiff. This court held the agency responsible for the plaintiff's loss. In that case as in this, the conduct of the defendant or his agent was negligent precisely because it created a risk that a third person would act improperly. In such circumstances the fact that a third person does act improperly is not an intelligible reason for excusing the defendant.[12]

There are practical as well as theoretical reasons for not excusing him. The rule we are adopting tends to make the streets safer by discouraging the hazardous conduct which the ordinance forbids. It puts the burden of the risk, as far as may be, upon those who create it. Appellee's agent created a risk which was both obvious and prohibited. Since appellee was responsible for the risk, it is fairer to hold him responsible for the harm than to deny a remedy to the innocent victim.

Reversed.

---

place would not be a violation of the ordinance, fairly interpreted, and would therefore entail no responsibility for consequences. A classic illustration of the same general principle is the Bologna ordinance against blood-letting in the streets, which did not make criminals of surgeons.

[11] 60 App.D.C. 291, 53 F.2d 149.

[12] Restatement, Torts, § 449. Cf. Butts v. Ward, 227 Wis. 387, 279 N.W. 6, 116 A.L.R. 1441.