**SCHAFF et al. v. R. W. CLAXTON, Inc.**

No. 8620.

United States Court of Appeals
District of Columbia.

Argued May 30, 1944.

Decided July 24, 1944.

Mr. Caesar L. Aiello, of Washington, D. C., with whom Mr. Llewellyn C. Thomas, of Washington, D. C., was on the brief, for appellants.

Mr. James M. Earnest, of Washington, D. C., with whom Messrs. W. Gwynn Gardiner and Louis M. Denit, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal by the plaintiffs from a judgment for the defendant, upon a directed verdict, in a suit for personal injuries.

The complaint alleged that appellants were injured by the negligent operation of appellee's truck by his agent. The only negligence alleged in the complaint was in the actual driving of the truck at the time of the accident. But the evidence showed that appellee's driver left the truck, with the keys in it, in the parking space beside a restaurant to which he was delivering goods for appellee, and that employees of the restaurant drove off in the truck and injured appellants.

Squires v. Brooks[1] held that the intervening act of a third person who helps himself to a car protects the driver who left the keys in the car from responsibility for a resulting accident. But the recent case of Ross v. Hartman[2] overruled the

[1] 44 App.D.C. 320.  [2] 78 U.S.App.D.C. 217, 139 F.2d 14.

Squires case. It is true that the Ross case involved the violation of an ordinance against leaving an unlocked car in a "public place,"[3] and we do not think that a restaurant's private parking space is a "public space" within the meaning of the ordinance. But we said in the Ross case: "In the absence of an ordinance * * * leaving a car unlocked might not be negligent in some circumstances, although in other circumstances it might be both negligent and a legal or 'proximate' cause of a resulting accident."[4] Under that ruling, the evidence in the present case should have been submitted to the jury with instructions to find for the plaintiffs if they found that the defendant's driver was negligent in leaving the car unlocked and that this negligence was a proximate cause of the accident.[5]

■ Appellee contends that the issues on appeal should be confined to those which were duly presented at the trial. This of course is commonly true. But this suit was tried before the Ross case had overruled the Squires case. Therefore appellant did not have a fair chance to raise and press at the trial, nor the court to pass upon, the point concerning the keys. "We have power not only to correct error in the judgment under review but to make such disposition of the case as justice requires. And in determining what justice does require, the Court is bound to consider any change, either in fact or in law, which has supervened since the judgment was entered."[6] "On the appeal * * * the case should be disposed of under the law as determined by the later decisions."[7] The case will therefore be remanded for a new trial.

Remanded for a new trial.

GRONER, C. J. (dissenting).

Plaintiffs brought this action, based on the presumption of agency arising from defendant's ownership of the vehicle and the negligence of the driver. The case was tried on that issue and resulted in a judgment of acquittal of the defendant.

Since, as I understand, we all agree that

on the issue made the case was properly decided, I think we should affirm rather than send the case back for a new trial on a totally different issue.

---

[3] Traffic and Motor Vehicle Regulations for the District of Columbia, § 58.

[4] 78 U.S.App.D.C. 217, 139 F.2d 14, 15. Cf. Maloney v. Kaplan, 233 N.Y. 426, 135 N.E. 838, 26 A.L.R. 909.

[5] It was evidently not a proximate cause if, as some of the testimony tended to show, defendant's driver invited the restaurant employee to take the car.

[6] Patterson v. Alabama, 294 U.S. 600, 607, 55 S.Ct. 575, 578, 79 L.Ed. 1082.

[7] Ruppert v. Ruppert, 77 U.S.App.D.C. 65, 68, 134 F.2d 497, 500.