## BULLOCK v. DAHLSTROM.

### No. 360.

Municipal Court of Appeals for the
District of Columbia.
April 4, 1946.

Samuel Barker, of Washington, D. C.
(William R. Lichtenberg and Joseph Luria,
both of Washington, D. C., on the brief),
for appellant.

Richard W. Galiher, of Washington, D.
C., for appellee.

Before CAYTON, Chief Judge, and
HOOD, Associate Judge.

HOOD, Associate Judge.

Plaintiff's automobile and defendant's
taxicab were in a collision on Washington
Circle. There is no question that plain-
tiff's car was being operated in a proper
manner and that the taxicab, which was
proceeding in the wrong direction on the
circle, was being operated in a negligent
manner. However, at the time of the
collision defendant was not in the taxicab
and it was then being operated by a female
Marine corporal. Her possession of the
taxicab is explained by the following facts
found by the trial judge.

The corporal had entered defendant's
taxicab as a passenger in Bethesda, Mary-
land, for the purpose of being taken to
the Greyhound bus terminal in Washington.
Sometime before reaching the destination
the passenger asked defendant for a ciga-
rette and he, having none, stated that he
wished to stop and make a telephone call
and at the same time would buy cigarettes
for her. Defendant stopped in front of a
store on Twenty-first Street, a few blocks
from Washington Circle, went into the
store, made his telephone call, purchased
the cigarettes, and on returning to the
street found that his taxicab was gone.
He had left the passenger in the cab and
the key in the ignition; and, in his absence,
she had driven the cab away and continued
driving it until the collision at the circle.
The trial court expressly found that there
had been no conversation between the de-
fendant and the passenger concerning her
driving the taxicab and that he did not give
her permission to drive it. On these facts
the trial court made a finding and entered
judgment for the plaintiff.

Section 58 of the Traffic and Motor
Vehicle Regulations of the District of
Columbia provides that "no person shall
allow any motor vehicle operated by him
to stand or remain unattended on any street
or in any public place without first hav-
ing locked the * * * switch." In Ross
v. Hartman, 78 U.S.App.D.C. 217, 218, 219,
139 F.2d 14, 15, 16, certiorari denied 321
U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080, it
was held that the owner of a truck which
was left unattended in the public alley,
with the ignition unlocked and the key in
the switch, was liable for injuries caused
by an unknown person who drove the truck
away. Referring to the above-quoted regu-
lation, the court said: "The ordinance is
intended to prevent such consequences.
Since it is a safety measure, its violation
was negligence. This negligence created
the hazard and thereby brought about the
harm which the ordinance was intended to

prevent. It was therefore a legal or 'proximate' cause of the harm. Both negligence and causation are too clear in this case, we think, for submission to a jury."

■ The question of whether the taxicab in the instant case was left "unattended" has been argued by both sides. Defendant argues that the vehicle was not unattended because of the presence of the passenger in it. Plaintiff insists that the presence of a total stranger, although she happened to be a passenger, was not a compliance with the regulation. We are not called upon to decide this interesting, and perhaps difficult, question, since the trial court did not specifically hold there was a violation of the regulation and reached a conclusion broad enough to be sustained on another ground. Its conclusion was: "The action of the defendant in leaving his taxicab on a public highway with the keys in the ignition and with a passenger who was a stranger in the cab, while he went to a nearby store, was a negligent act and such negligence was the proximate cause of plaintiff's injuries."

In Schaff v. R. W. Claxton, Inc., 79 U.S.App.D.C. 207, 208, 144 F.2d 532, 533, defendant's truck, with the keys in it, was left on the parking space beside a restaurant, and was driven away by an employee of the restaurant, whose negligent driving injured plaintiff. The court held that the restaurant's private parking space was not a "public space" within the meaning of the regulation, but, nevertheless, held that the case was one for the jury, saying: "But we said in the Ross case: 'In the absence of an ordinance * * * leaving a car unlocked might not be negligent in some circumstances, although in other circumstances it might be both negligent and a legal or "proximate" cause of a resulting accident.' Under that ruling, the evidence in the present case should have been submitted to the jury with instructions to find for the plaintiffs if they found that the defendant's driver was negligent in leaving the car unlocked and that this negligence was a proximate cause of the accident."

In the instant case the trial court sat without a jury; and, under the ruling in the Schaff case, we think it was for him to determine whether, under the particular circumstances, the defendant was negligent in leaving the taxicab with the passenger in it and the key in the ignition, and, if so, whether such negligence was a proximate cause of the collision. The trial judge having answered both of these questions adversely to the defendant, we cannot disturb the judgment.

Affirmed.