**R. W. CLAXTON, Inc. v. SCHAFF et al.**
No. 9609.

United States Court of Appeals
District of Columbia.

Argued April 7, 1948.

Decided May 28, 1948.

Writ of Certiorari Denied Nov. 22, 1948.
See 69 S.Ct. 168.

CLARK, Associate Justice, dissenting.

Messrs. James M. Earnest and Albert F. Beasley, both of Washington, D. C., for appellant.

Mr. Llewellyn C. Thomas, of Washington, D. C., with whom Mr. Caesar L. Aiello, of Washington, D. C., was on the brief, for appellees.

Before EDGERTON, CLARK and PRETTYMAN, Associate Justices.

EDGERTON, Associate Justice.

In Schaff v. Claxton, Inc., 79 U.S.App. D.C. 207, 208, 144 F.2d 532, 533, we said: "the evidence in the present case should have been submitted to the jury with instructions to find for the plaintiffs if they found that the defendant's driver was negligent in leaving the car unlocked and that this negligence was a proximate cause of the accident. * * * The case will therefore be remanded for a new trial." The judgment now here on appeal was upon a new trial in which the law stated in that opinion was followed. The judgment is therefore affirmed.

CLARK, Associate Justice (dissenting).

I dissent from the decision of the court. Because of the peculiar posture of this particular case in that it has once before been passed on by this court, and remanded with instructions which were faithfully carried out by the District Court, I do not consider it necessary or desirable at this time and in this case to set out an elaborate opinion on the whole subject. The law of this particular case has apparently been fixed by the previous decision of this court, which I deplore. Schaff et al. v. R. W. Claxton, Inc., 79 U.S.App.D.C. 207, 144 F. 2d 532.

The action of this court in the instant case is apparently based on the doctrine of Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370 (1943). I consider the Ross case unsound and erroneous and think that at the first opportunity it should be overruled.

But this case goes much further and in my opinion is an unwarrantable and indefensible extension of the doctrine of the Ross case. The Ross case was based on an alleged violation of a city ordinance. That ordinance admittedly has no application to the instant case and to that extent this case represents an expansion of the match-stem of the Ross case into the lumberyard of this case.

I do not believe that the evidence of this case makes even a stagger in the direction of proximate cause and certainly is insufficient to justify the submission of proximate cause to the jury.

As I have said, I see no purpose to be served in an elaborate opinion in a situation where the law of the case has already been established by this court. At the first opportunity, however, I will cast my vote in favor of overruling the doctrine of the Ross case and more especially this extreme extension of it, and will be prepared to support my views in detail at such time. I think the case should be reversed outright