**EESLEY v. DOTTELLIS et al.**

**No. 668.**

Municipal Court of Appeals for the District of Columbia.

Oct. 6, 1948.

Dorsey K. Offutt, of Washington, D. C., for appellant.

James A. Purcell, Jr., of Washington, D. C. (Albert E. Brault, of Washington, D. C., on the brief), for appellee Mike Dottellis.

No appearance for appellee Maurice DeLalla.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff's automobile while parked in front of his house was run into by a car which had been left in possession of defendant as bailee, and which at the time was operated by one Laulicht, without the permission of defendant. Laulicht's possession of the automobile is explained by the fol-

lowing facts found by the trial judge, sitting without a jury.

Maurice DeLalla, owner of the car, took it on October 29 to the defendant's garage to be repaired. He parked it in front of the garage, locked it, and returned the next day and gave the key to defendant and asked him to fix the car. The car was moved onto defendant's lot beside the garage, but defendant failed to lock it, having misplaced the key. There was no watchman on the lot at night. Early on November 2d, Laulicht stole DeLalla's car from the lot and ran into plaintiff's car. There were no keys in the car at the time it was stolen.

The trial court found that defendant was negligent, but that his negligence was not the proximate cause of the damage to plaintiff's car, and thereupon entered judgment in favor of defendant.[1]

The sole question presented is whether the court, having found defendant negligent, was compelled as a matter of law to also find that such negligence was a proximate cause of the damages sustained by plaintiff.

Appellant relies on Ross v. Hartman, 78 U.S.App.D.C. 217, 218, 219, 139 F.2d 14, 15, 16, 158 A.L.R. 1370, certiorari denied 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1030. In the Ross case the court held that the violation of an ordinance intended to promote safety is negligence, and if the violation created the hazard and brought about the harm which the ordinance was intended to prevent, then such negligence is a legal or proximate cause of the harm. The court said: "Both negligence and causation are too clear in this case, we think, for submission to a jury."

However, in Schaff v. R. W. Claxton, Inc., 79 U.S.App.D.C. 207, 208, 144 F.2d 532, 533, where no ordinance was involved, the court said: "But we said in the Ross case: 'In the absence of an ordinance * * * leaving a car unlocked might not be negligent in some circumstances, although in other circumstances it might be both negligent and a legal or "proximate" cause of a resulting accident.' Under that ruling, the evidence in the present case should have

[1] The owner of the striking car was also a defendant but the trial court found no negligence on his part and that finding is not questioned on this appeal.

been submitted to the jury with instructions to find for the plaintiffs if they found that the defendant's driver was negligent in leaving the car unlocked and that this negligence was a proximate cause of the accident."

We have construed the two foregoing authorities to mean that in a case such as the present one, where violation of a safety ordinance is not involved, the issues of negligence and proximate cause are both questions of fact. Bullock v. Dahlstrom, D.C. Mun.App., 46 A.2d 370.

In the present case the trial judge found as a fact that defendant was negligent, but he also found as a fact that such negligence was not the proximate cause of the damages sustained by plaintiff. On the evidence in this case we cannot disturb those findings.

Affirmed.