**ROGERS v. COX.**

**No. 949.**

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 6, 1950.

Decided Sept. 27, 1950.

Samuel Barker, Washington, D. C., for appellant.

Douglas A. Clark, Washington, D. C., with whom William H. Clarke, Washington, D. C., was on the brief, for appellee. William E. Stewart, Jr., and Richard W. Galiher, Washington, D. C., also entered an appearance for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This appeal involves a judgment on a claim and counterclaim arising out of a collision between two automobiles in the intersection of Constitution Avenue and Fifteenth Street, Washington, D. C. The amount of damage to each car was stipulated, and it was agreed that various District of Columbia traffic regulations be admitted in evidence. The trial court held as a fact that defendant Rogers was negligent, that his negligence was *the* proximate cause of the accident, that plaintiff Cox was not guilty of contributory negligence, and therefore gave judgment for plaintiff. The court also gave judgment against defendant Rogers on his counterclaim. Defendant Rogers appealed from the judgment both as to the original claim and his counterclaim, but at oral argument on appeal waived the counterclaim.

Constitution Avenue is a six-lane highway, three for westbound traffic and three for eastbound traffic. Fifteenth Street intersects Constitution Avenue at right angles. The only evidence offered as to the widths of the streets was that of defendant who testified Fifteenth Street is approximately 40 feet wide. (It is actually wider than that, but we follow the testimony.) The accident happened at about 2:15 p. m., when the intersection was governed by traffic lights in all directions. Plaintiff Cox was proceeding west in the lane nearest the center of Constitution Avenue, the proper lane from which to make a left-hand turn. Defendant Rogers, intending to continue through, was proceeding east in the lane nearest the south curb of Constitution Avenue. There were two automobiles proceeding in the same direction, which were to his left in the second and third lanes respectively for eastbound traffic.

As all the cars approached the intersection, the lights controlling their movements turned red and all stopped. Subsequently the lights turned green. According to the testimony of plaintiff Cox, who was not present at the trial but gave his evidence by deposition and was not cross-examined, he extended his arm and adjusted the directional lights on the left side of his car, indicating his intention to make a left turn.

Then ensued the crucial point of plaintiff's deposition. He said that as the light turned green he waited, and it "so happened" that the other three cars coming toward him waited also. Plaintiff then proceeded to make his left turn, passing in front of two of the three cars going east on Constitution Avenue. As he was proceeding through the third lane, defendant Rogers "started up and struck him." He also deposed that his car was "about 15 feet" in front of defendant's car when the latter's car started up and then struck him. His car was pushed two feet to the east. He added that all three cars headed eastward were stopped far enough back so that pedestrians could pass in the crosswalk in front of them, but that no pedestrians actually were crossing. Defendant agreed that the two automobiles to his left waited for plaintiff to make his turn but stated that he, Rogers, was pulling out all the time. All parties agreed that defendant's car was the striking vehicle and was damaged about its front and that plaintiff's car was hit in the middle of its right side.

Two additional points of evidence have been emphasized. Plaintiff deposed that immediately after the accident defendant's wife, who was riding on the front seat of their car with him, said to her husband, "No wonder you didn't see him (the plaintiff) you were looking out the side window." She denied making such statement. Defendant placed the point of impact east of the imaginary center line of Fifteenth Street and about 25 feet south of the center line of Constitution Avenue. No evidence on this point was given by plaintiff.

It is, of course, elementary that it is within the province of the trial court to weigh the evidence. The credibility of witnesses is also, in general, a question for the trial court on the theory that such court has the opportunity, not possessed by the appellate court, of observing the demeanor of witnesses on the witness stand. The record, however, is studied with particular

778

care if the evidence on which the findings of the trial court are based is entirely or largely documentary or the testimony of witnesses, which instead of being given orally with the witness before the court, has been reduced to writing, such as a written statement, stipulations, or deposition.[1] It has even been held that "The rule that findings of fact are entitled to great weight in an appellate court is modified where, as here, they are based wholly upon depositions."[2]

As to findings of fact and conclusions of law, our special statute provides as follows: " * * * Said court [The Municipal Court of Appeals] shall review the record on appeal and shall affirm, reverse, or modify the order or judgment in accordance with law. If the issues of fact shall have been tried by jury, The Municipal Court of Appeals for the District of Columbia shall review the case only as to matters of law. If the case shall have been tried without a jury, The Municipal Court of Appeals for the District of Columbia shall have the power to review both as to the facts and the law, but in such case the judgment of the trial court shall not be set aside except for errors of law or unless it appears that the judgment is plainly wrong or without evidence to support it."[3]

█ We have approached the present problem with a full appreciation of the rule that the trial court's findings are to be accepted if supported by evidence or are not plainly wrong.[4] In a large majority of such cases we have found such rule applicable and have therefore affirmed. But the rule is not to be followed blindly. Its application, we believe, is not aided by acceptance of stories which conflict with plain physical facts or by general references, in automobile accident cases, to distances and speed of cars.

The vital traffic regulation governing this case is Section 28(c) (given a new number in a subsequent revision but containing the same words as were in effect November 8, 1948, when the accident occurred) which provides as follows: "The driver of a vehicle within an intersection, intending to turn to the left, shall yield to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver having so yielded and having given a signal when and as required by law, may make such left turn and other vehicles approaching the intersection from said opposite direction shall yield to the driver making the left turn."

█ We assume that defendant Rogers was negligent and that his negligence was a proximate cause of the accident. The trial court so held, and obviously there was sufficient evidence to support such findings. Furthermore, defendant's counsel, by withdrawing his counterclaim at oral argument in this court, in effect conceded the point.

█ But we believe that plaintiff was guilty of contributory negligence, and under the rule firmly established in this jurisdiction can not recover. "And", as the Supreme Court has said, "it matters not whether that contribution consists in his participation in the direct cause of the injury, or in his omission of duties, which, if performed, would have prevented it. If his fault, whether of omission or commission, has been the proximate cause of the injury, he is without remedy against one also in the wrong."[5] We base our holding here upon our conviction that plaintiff violated the traffic regulation quoted above and contributed to the accident. Violation of a traffic regulation constitutes negligence per se.[6] That such negligence was a proximate

1. Magruder v. National Metropolitan Bank of Washington, D.C.Mun.App., 40 A.2d 828; 5 C.J.S., Appeal and Error, § 1660, p. 751.

2. The Natal, 9 Cir., 14 F.2d 382, 384, certiorari denied 273 U.S. 748, 47 S.Ct. 449, 71 L.Ed. 872.

3. Code 1940, Supp. VII, § 11—772(c).

4. Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9.

5. Little v. Hackett, 116 U.S. 366, 371, 6 S.Ct. 391, 393, 27 L.Ed. 652; see National Trucking & Storage Co. v. Driscoll, D.C.Mun.App., 64 A.2d 304.

6. Danzansky v. Zimbolist, 70 U.S.App.D.C. 234, 105 F.2d 457.

cause of the accident is not, it seems to us, open to doubt or serious question.

Under the regulation it was the duty of plaintiff, intending to make a left turn, to yield not only to any vehicle approaching from the opposite direction which was within the intersection but also to yield to any vehicle so close thereto as to constitute an immediate hazard. It is true that he deposed that all three cars entitled to the right of way waited, but he did not say how long they waited. Obviously, defendant did not wait long because defendant, according to plaintiff's own story, started and proceeded at least 15 feet before the crash, and the undisputed testimony was that defendant's car was still in low gear. Because the other two cars that had the right of way yielded to plaintiff, this did not deprive defendant of a continued right of way. Even if, as plaintiff deposed, defendant started up and struck him as plaintiff was proceeding through the third lane (a physical fact difficult, if not impossible, to imagine, considering the distances and place and part where plaintiff's automobile was struck) we believe defendant, under the traffic regulation, still had the right of way.

The crucial point is, therefore, whether plaintiff's negligence was a proximate cause of the accident. As has been said with particular clarity in Billingsley v. McCormick Transfer Co., 58 N.D. 913, 228 N.W. 424, 426: "Contributory negligence presupposes negligence on the part of the other party, and also that the party claiming damages was himself guilty of negligence; and where his negligence was of such a character as to be the proximate cause of the injury, and without which the injury would not reasonably have been anticipated, then he cannot recover, for it would be his negligence which would be the 'nearest independent cause adequate to produce and which did bring about the accident.'"

Here plaintiff initiated the succession of events which brought about the accident. He started his car when the three cars then to his right had an absolute right of way. He passed in front of the car in the third lane, then in front of the one in the second lane, and then attempted to pass in front of defendant's car in the first lane. He was continuously breaking the law. He attempted to pass in front of defendant's car when undoubtedly the latter had the right of way and according to plaintiff's own story was only 15 feet distant. Even if this traffic regulation is translated into terms of due care, we can not escape the conclusion that plaintiff's negligence, in such circumstances, was a proximate cause of the accident under all of the accepted definitions of the latter phrase. We do not believe we should avoid the inevitable result of this conviction by referring to the right of the trial court to observe a witness and draw proper inferences from his testimony when the trial court has not seen such witness and the witness has never been cross-examined.

We deem it unnecessary to discuss the further point raised by defendant that plaintiff also violated another traffic regulation—Section 26(b)—providing that approach for a left turn from a two-way street shall be made in that portion of the right half of the roadway nearest the center lane thereof and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center lane of the roadway being entered.

The judgment of the trial court is reversed with directions to enter judgment in favor of defendant on plaintiff's claim; the judgment in favor of plaintiff on defendant's counterclaim is affirmed.

Reversed in part and affirmed in part.

HOOD, Associate Judge (dissenting).

I think the judgment should be affirmed. If plaintiff violated the traffic regulation by making a left-hand turn in front of the waiting cars he was guilty of negligence. Violation of a safety regulation is negligence, but that does not mean that the person guilty of the violation is responsible for all harm that accompanies or follows his negligence. Ross v. Hartman, 78 U.S.App. D.C. 217, 139 F.2d 14, 158 A.L.R. 1370, certiorari denied, 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080. This court has said that "while such a violation constitutes negligence per se, in order that it may be available as a defense it must further be shown

780

that it was a proximate cause of the accident or contributed to it." White v. Corbett, D.C.Mun.App., 51 A.2d 676, 677. See also Herndon v. Higdon, D.C.Mun.App., 31 A.2d 854. By its finding of fact that plaintiff was not guilty of contributory negligence the trial court found that the negligence, if any, of plaintiff did not contribute to the accident. Whether or not it did was a question of fact and I do not think we can substitute our judgment on a question of fact for that of the trial judge. Even though plaintiff was negligent in making the left-hand turn, there was still a question of fact whether such action contributed to the accident or whether the sole proximate cause was defendant's action in proceeding in such manner that, according to his own testimony, after going 20 feet he saw plaintiff's car "right in front of him," and, although traveling in low gear, struck plaintiff's car with sufficient force to do $350 worth of damage to it and approximately the same amount of damage to his own car.