Lewis ROBERTS and Service Fire Insurance Company of New York, a body corporate, Appellants,

v.

Hadley LANE, Appellee.

No. 1648.

Municipal Court of Appeals for the District of Columbia.

Argued June 27, 1955.

Decided July 25, 1955.

Charles B. Sullivan, Jr., Washington, D. C., for appellants.

Albert A. Stern, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellants Lewis Roberts and his insurer sued appellee Hadley Lane for damages resulting from a collision between an automobile owned and operated by Roberts and one owned by Lane. Appellee's vehicle had allegedly been stolen and used by an unknown person and, while being so unlawfully used, collided with and damaged that of appellant Roberts. This appeal is from a judgment for appellee.

Due to the fact that the person driving appellee's automobile fled from the scene of the accident his identity was not established. However, the evidence offered by appellants as to his negligence was uncontradicted and therefore that question is not before us.

Appellants' sole assignment of error relates to appellee's testimony that approximately three months prior to the theft, he either misplaced, or had stolen from him, one set of keys to his automobile. It is appellants' contention that appellee's failure to change the ignition lock in his automobile subsequent to the loss of the one set of keys was negligence as a matter of law, and that that negligence was the proximate cause of the accident.

The traffic and motor vehicle regulations for the District of Columbia contain no provision governing a situation of this nature. Appellants cite no authority, and we find none, that holds that there is a duty imposed on an automobile owner, upon losing a set of keys to his automobile, to change the ignition lock in order to prevent a situation such as the one before us. We cannot agree with appellants that appellee was negligent as a matter of law by not making such a change in the lock. Simon v. Dew, D.C.Mun.App., 91 A.2d 214. Cf. Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370, certiorari denied 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080.

Appellants cite Ross v. Hartman, supra, and Schaff v. R. W. Claxton, Inc., 79 U.S. App.D.C. 207, 144 F.2d 532, in support of their argument. In the Ross case the court held that a violation of an ordinance forbidding the leaving of keys in the ignition switch of an unattended motor vehicle standing in a "public place" was negligence, and if the violation created the hazard and brought about the harm which the ordinance was intended to prevent, then such negligence, as a matter of law, was the legal or proximate cause of the harm. However, in the Schaff case, where the same ordinance was not applicable because the motor vehicle was not in a "public space" at the time of the unlawful taking, the court held that, in the absence of an ordinance, the questions of negligence and proximate cause were for the jury to determine.

In view of the ruling in the Schaff case, it was for the trial judge, who sat without a jury, to determine whether under these circumstances appellee was negligent in not changing his ignition lock when he as-

certained that one set of his automobile keys was stolen or misplaced, and, if so, whether such negligence was the proximate cause of the collision. Bullock v. Dahlstrom, D.C.Mun.App., 46 A.2d 370. These fact questions having been decided adversely to appellants, the judgment must stand.

Affirmed.