Seymour BOLTEN and Analoulse C. Bolten, Appellants,

v.

Albert B. CLARKE and Aetna Casualty & Surety Co., a corporation, Appellees.

No. 1804.

Municipal Court of Appeals for the District of Columbia.

Argued May 28, 1956.

Decided July 20, 1956.

5. Hampton v. Mott Motors, D.C.Mun.App., 32 A.2d 247. See also Gostin v. Needle, 185 Md. 634, 45 A.2d 772, 163 A.L.R. 1013.

James T. Barbour, Jr., Washington, D. C., for appellants.

Dickson R. Loos, Washington, D. C., with whom Alexander M. Heron, Washington, D. C., was on the brief, for appellee Aetna Casualty & Surety Co.

Walter G. M. Fields, Washington, D. C., for appellee Albert B. Clarke.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Plaintiffs Bolten and his wife purchased a newly constructed home from one Sterrett on August 14, 1951. After plaintiffs had moved into the house, the sewer pipe running from the house to the public sewer became obstructed and on four separate occasions between August 1952 and December 1954 they employed plumbers to remove the stoppage. In May 1955 a fifth stoppage occurred and the sewer line was excavated and new pipe installed. Plaintiffs brought this action against defendant Clarke to recover the amounts paid by them to the other plumbers and for necessary landscaping because of Clarke's alleged negligence in the original installation of the sewer line.

In their complaint plaintiffs alleged that Clarke had installed the sewer line in a "* * * negligent, improper and unlawful manner and contrary to the regulations of the District of Columbia * * * in that the * * * sewer line was improperly graded, causing * * * a pocket in it preventing the flow of water * * *." They also named as a defendant the Aetna Casualty & Surety Co., Clarke's surety on his plumber's indemnity bond. In addition, the District of Columbia was made a defendant for its alleged negligence in the inspection of the original sewerage installation, but on its plea of governmental immunity the case against it was dismissed and no issue in connection therewith has been raised in this appeal.

The evidence in behalf of plaintiffs was to the effect that excavation of the pipe disclosed a "pocket" in the sewer a short distance from its connection with the house and another some distance beyond that which prevented the proper flow of water and that the pipe went up and over a boulder. Plaintiffs' plumber who reset the pipe testified that he lowered the entire line in order to get the regulation ¼ inch per foot fall from its connection with the house and that it was necessary to lower the pipe 5 inches at the point where it connected with the public sewer.

In his behalf defendant Clarke, after admitting he had installed the plumbing, testified that his work was in accordance with the plumbing regulations of the District and that his work had been inspected and approved by a District plumbing inspector. A photostatic copy of the inspector's report and approval was put

in evidence. At the conclusion of all the evidence, the court sitting without a jury, "dismissed the complaint" as to both defendants and this appeal followed.

Plaintiffs' case against Aetna was based on its obligation as set out in the bond which provides that defendant Clarke and Aetna " * * * are held and firmly *bound unto the District of Columbia* * * * and shall save and keep harmless the District of Columbia from the consequence of any and all acts done by the said Albert Clarke." (Emphasis supplied.) The trial judge ruled that the surety's obligation on the bond extended only to the District, the named obligee, and that plaintiffs had no standing to sue thereon. Plaintiffs, however, argue that by virtue of Code, § 1–244(b),[1] they are given the right to maintain suit on the bond as persons aggrieved by the violation of the District plumbing regulations.

■ Assuming for the moment that defendant Clarke did violate certain plumbing regulations in the installation of the plumbing, plaintiffs nevertheless have no standing to hold Aetna as his surety on the bond. The statute in question, popularly referred to as the "Additional Powers Act," does no more than authorize the District Commissioners to " * * * make, adopt, and enforce regulations * * *" requiring that plumbers furnish and keep in force a bond running to the District and to provide that "Any person aggrieved by the violation of any law or regulation *₁ * * shall have * * * a right to bring suit against the surety on said bond * * *."

Both parties stipulated that § 301 of the District Plumbing Code promulgated in 1907 is the only existing regulation governing the requirements of a plumber's bond in the District and the regulation itself states that it was issued pursuant to the earlier Act of June 18, 1898, Code, § 2–1405. The District Commissioners have never exercised their enlarged authority under Code, § 1–244(b), and plumbers bonds in the District are still governed by Code, § 2–1404, which by its terms provides " * * * that the *District of Columbia* shall be kept harmless from the consequence of any and all acts of the said licensee during the period covered by the said bond."[2] (Emphasis supplied.) Therefore, only the obligee named in the bond has the right to sue thereon.[3]

We turn to plaintiffs' case against defendant Clarke. The complaint sounded in tort and charged that installation of the pipe was done in a negligent and improper manner and contrary to the regulations of the District of Columbia. In an able and comprehensive memorandum opinion the trial judge thoroughly reviewed the applicable law in this jurisdiction as it relates to the liability vel non of an independent contractor to third parties for the negligent performance of his contract with the owner-builder after completion and acceptance by the latter. He concluded, upon the status of the case law of this jurisdiction, that without a showing of personal injuries[4] or of privity of contract between the plaintiffs and Clarke,[5] they had no cause of action based on negligence against him. Appellants do not dispute this.

1. Dec. 20, 1944, 58 Stat. 819.

2. We note here the Code, § 45–1405, providing for bonds in the case of real estate brokers expressly gives a right of action to persons aggrieved by acts in violation of the statute and that §§ 703 and 712 of the Electrical Licensing and Bonding Regulations issued pursuant to Code, § 1–244(b), do likewise.

3. United States for Use and Benefit of

Midland Loan Finance Co. v. National Surety Corporation, 309 U.S. 165, 60 S. Ct. 458, 84 L.Ed. 677; 11 C.J.S., Bonds, § 106 a, p. 472, and cases cited.

4. Hanna v. Fletcher, 97 U.S.App.D.C. 310, 231 F.2d 469.

5. Ford v. Sturgis, 56 App.D.C. 361, 14 F. 2d 253, 52 A.L.R. 619. See also Woodside Manor v. Rose Brothers Co., D.C. Mun.App., 83 A.2d 325.

The gravamen of their argument is that Clarke was negligent as a matter of law in his original installation by virtue of his failure to adhere to the plumbing regulations of the District,[6] in that they were designed to protect public health and defined a legal duty running to any member of the public at large who might purchase the property. Assuming their contention, arguendo, the violation of this regulation cannot, ipso facto, give rise to civil liability unless, among other prerequisites, the violation brings about the harm which the regulation was designed to prevent.[7] However, appellants make no allegation or showing that their health was impaired or in imminent danger of being impaired.

■ In situations of this sort the doctrine of negligence per se will be cautiously applied, "with an eye to essential fairness".[8] In this case, Clarke's original sewer installation was inspected and approved by a plumbing inspector in compliance with the regulations.[9] Also there was undisputed evidence that Clarke was neither notified of, nor given the opportunity to correct the alleged defects in the work done by him although the plumbing regulations provide a procedure whereby defective house sewers must be repaired or replaced,[10] with appropriate penal sanctions against a defaulting plumber.[11] Clarke's first notice came when he was made a party defendant to this action. Assuming the regulations were in fact violated, we hold that to apply the negligence per se doctrine under the circumstances of this case would be essentially unfair.

■ While the trial court's ruling was not so predicated, the theory of the negligence per se doctrine, as outlined in this opinion, is dispositive of the appellants' argument in that regard. "It is established doctrine that an appellate court may sustain a correct judgment on a different ground than that adopted by the trial court".[12] We therefore conclude that the trial court's order was warranted and proper.

Affirmed.

6. Specifically Section 601.—House sewers conveying sanitary wastes and 6 inches or less in diameter shall be laid with a fall of not less than one-quarter inch per foot; those 8 inches or larger, with a fall of not less than one-eighth inch per foot.

7. Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370, certiorari denied 321 U.S. 790, 64 S.Ct. 790, 88 L. Ed. 1080.

8. Hecht Co. v. McLaughlin, 93 U.S.App. D.C. 382, 214 F.2d 212, 215; Peigh v. Baltimore & O. R. Co., 92 U.S.App.D.C. 198, 204 F.2d 391, 44 A.L.R.2d 671.

9. See Section 1501.

10. Section 617.

11. Sections 1502, 1503, 1504.

12. Jones v. District of Columbia, D.C.Mun. App., 123 A.2d 364, 365, and cases cited therein.