125 So.2d 325 (1960)
William Hyman LINGEFELT, in his own right, and William Hyman Lingefelt, as Administrator of the Estate of Thelma Louise Lingefelt, deceased, Appellants,
v.
Herbert L. HANNER and Ruby Hanner, Appellees.
No. 59-483.
District Court of Appeal of Florida. Third District.
December 22, 1960.
*326 Murray D. Shear, and Gerald Kogan, Miami, for appellants.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellees.
HORTON, Chief Judge.
Plaintiffs below seek review of an order dismissing their complaint with prejudice. By this order, the trial court determined as a matter of law that "the alleged failure to leave the automobile ignition locked is not a proximate cause of the alleged accident." In their complaint the plaintiffs alleged:
"On December 5, 1958 the Defendant, Herbert L. Hanner did negligently and carelessly with negligent disregard of the lives and safety of others allow the above motor vehicle to stand unattended without locking the ignition and did leave said vehicle unattended with ignition unlocked at or about the vicinity of N.W. 34th Street and N.W. 7th Avenue, Miami, Florida at approximately 7:45 P.M., in violation of Chapter 38, Article VI, Section 155 of the Code of the City of Miami, Florida and Ordinance 57-12 of Dade County, Florida, Section 6.01, certified copies of which are attached hereto as Plaintiff's Exhibits A and B respectively and are made a part of this Complaint.
"That the Defendant knew or should have known that as a proximate result of the aforesaid negligent act it was reasonably forseeable [sic] that an unauthorized person would enter and operate said automobile.
"That at the time, place, date and under the circumstances hereinbefore mentioned, one Davis Alvis Robinson, did enter and operate the aforesaid automobile of the Defendants. The said Davis Alvis Robinson so negligently and carelessly operated the Defendants automobile, that on the aforesaid date at approximately 11:45 P.M., at or near the intersection of N.W. 34th Street and N.W. 22nd Avenue, Miami, Florida, he collided with the automobile owned and being operated by the Plaintiff, William Hyman Lingefelt, and in which the Plaintiff's wife, Thelma Louise Lingefelt was a passenger."
The appellants first argue that the violation of statutes or ordinances raises a presumption of negligence against the appellees. We conclude that the determinative issue is one of causation, and therefore it is not necessary to discuss this contention. For the purpose of our discussion, we will assume that the act of the appellees in violation of the ordinances was prima facie evidence of negligence, and proceed to a determination of the issue of proximate cause, for if the negligent act was not the proximate cause of appellants' injuries, they could not recover.
Proximate cause is defined in 23 Fla.Jur., Negligence, § 26, as "that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." See Pope v. Pinkerton-Hays Lumber Co., Fla.App. 1960, 120 So.2d 227.
Although this case appears to be one of first impression in Florida, the question here presented has been considered by a number of courts in other jurisdictions. See 51 A.L.R.2d 633. The majority view as expressed by these courts holds that a *327 wilful, malicious, or criminal act as a general rule breaks the chain of causation. Lack of foreseeability appears to be the basis for this conclusion. We believe it is grounded in reason and logic, and align ourselves with this view. The act of appellee in negligently leaving the ignition switch of his automobile unlocked may have been the proximate cause of the unauthorized taking, but the appellants' injuries were due solely to the negligent operation, by an unauthorized person, of appellee's automobile. See Galbraith v. Levin, 323 Mass. 255, 81 N.E.2d 560; Corinti v. Wittkopp, 355 Mich. 170, 93 N.W.2d 906; Anderson v. Theisen, 231 Minn. 369, 43 N.W.2d 272; Permenter v. Milner Chevrolet Co., 229 Miss. 385, 91 So.2d 243; Hersh v. Miller, 169 Neb. 517, 99 N.W.2d 878. Contra: Ross v. Hartman, 78 App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370; Ostergard v. Frisch, 333 Ill. App. 359, 77 N.E.2d 537; Ney v. Yellow Cab Company, 2 Ill.2d 74, 117 N.E.2d 74, 51 A.L.R.2d 624.
While it is true that proximate cause is normally a question of fact to be submitted to the jury, however, where the facts are not disputed and are susceptible of only one inference, this issue becomes one of law for the court to determine. See Tatom v. Seaboard Air Line R. Co., 93 Fla. 1046, 113 So. 671; Florida Power & Light Co. v. Bridgeman, 133 Fla. 195, 182 So. 911; Faulk v. Parrish, Fla. 1952, 58 So.2d 523; 23 Fla.Jur., Negligence, § 133; 38 Am.Jur., Negligence, § 133; 38 Am.Jur., Negligence, § 351.
Accordingly, the order appealed is affirmed.
Affirmed.
PEARSON, J., concurs.
CARROLL, CHAS., J., dissents.
CARROLL, CHAS., Judge (dissenting).
I cannot agree that there was a want of proximate cause, or that there is logic to support the view that it is not reasonably foreseeable that someone may enter and drive off an automobile which, in violation of the ordinance, is left unattended with its ignition unlocked.
Foreseeability in cases of this kind cannot be summarily rejected. The degree of risk or likelihood that such a car would be taken will vary with the circumstances, such as the time and place where the car is left, the section of the city, the kind of neighborhood, etc. "The risk reasonably to be perceived defines the duty to be obeyed * * *."[1] The record discloses that this car was left on the street at 7:45 P.M., at or near Northwest 7th Avenue and 34th Street, which is known to be a populous urban location.
To hold, as the decision of the majority does, that "the appellants' injuries were due solely to the negligent operation, by an unauthorized person, of appellee's automobile," appears to beg the question, because the holding assumes that misappropriation of the car was unforeseeable. One taking a car under those circumstances would not necessarily be an "unauthorized person," so as to insulate the owner from liability under the dangerous instrumentality doctrine in force in Florida,[2] if such "unauthorized" use of the car could reasonably be foreseen. The ordinance itself, being based in part on the likelihood that cars left with their ignition unlocked will be taken, implies a degree of foreseeability of that result. It follows that violation of the ordinance could be found to be an act of negligence which created a foreseeable risk of the car being taken and driven off. If that occurred, and a party was injured by negligence of such driver, the injury could be held to have been proximately caused *328 by the negligent act of leaving the car unattended with the ignition unlocked.
This case raises an important question which had not been decided in this state. A holding that no liability results to an owner, who violates an ordinance against leaving a car on a public street with the ignition unlocked, for damages to property or injury to persons from its negligent operation by one who may enter and drive it, will lessen the vicarious liability imposed on automobile owners by the dangerous instrumentality doctrine, and will tend to nullify the effect of the ordinance to the extent that it was intended to guard against such damage or injury.
Liability on this basis is recognized and imposed in a number of jurisdictions. See Schaff v. R.W. Claxton, Inc., 1944, 79 U.S. App.D.C. 207, 144 F.2d 532 affirmed 83 U.S. App.D.C. 271, 169 F.2d 303, certiorari denied 335 U.S. 871, 69 S.Ct. 168, 93 L.Ed. 415; Ross v. Hartman, 1943, 78 U.S.App. D.C. 217, 139 F.2d 14, certiorari denied 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080; Ney v. Yellow Cab Co., 2 Ill.2d 74, 117 N.E.2d 74, 51 A.L.R.2d 624; Ostergard v. Frisch, 333 Ill. App. 359, 77 N.E.2d 537; Barlow v. Verrill, 88 N.H. 25, 183 A. 857, 104 A.L.R. 1126; Bullock v. Dahlstrom, D.C.Mun.Ct. App., 46 A.2d 370, 371; Kass v. Schneiderman, 21 Misc.2d 518, 197 N.Y.S.2d 979; Garbo v. Walker, Ohio Com.Pl. 1955, 129 N.E.2d 537. Moreover, important secondary authorities are in accord. See 38 Am.Jur., Negligence § 352, p. 1061; 2 Restatement, Torts, §§ 308, 448, 449; 2 Harper & James, The Law of Torts, §§ 20.5, pp. 1144-46; 20.6, pp. 1156-57; 28.10; James, Statutory Standards and Negligence in Accident Cases, 11 La.L.Rev. 95, 100, n. 16 (1950); Eldredge, Culpable Intervention as Superseding Cause, 86 Pa.L.Rev. 121 (1937).
The question of negligence was one to be decided by the jury, based on their determination from the evidence in the case of the question of foreseeability upon which proximate cause depended. I, therefore, dissent from the majority judgment of affirmance.
NOTES
[1] Palsgraft v. Long Island R. Co., 248 N.Y. 339, 162 N.E. 99, 100, 59 A.L.R. 1253 (Cardozo, J.). And see 2 Restatement, Torts, §§ 302(b), 303.
[2] Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255; Stuyvesant Corp. v. Stahl, Fla. 1952, 62 So.2d 18, 20.