Martha B. GARRISON and William G. Garrison, Appellants,

v.

D. C. TRANSIT SYSTEM, INC., a corporation, Appellee.

No. 3341.

District of Columbia Court of Appeals.

Argued Oct. 28, 1963.

Decided Jan. 24, 1964.

Rehearing Denied Feb. 4, 1964.

Earl H. Davis, Washington, D. C., for appellants.

Anthony E. Grimaldi, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellant-plaintiff was a passenger on appellee-defendant's bus and sued for injuries sustained when the bus made a sudden stop. The defense was that the sudden stop was the result of an emergency created by an automobile making a turn from the wrong lane and cutting in front of the bus. A jury returned a verdict for the defendant and this appeal assigns as error the refusal of the trial court to admit in evidence certain rules of the defendant contained in its manual for the instruction of its drivers.

On cross-examination of the bus driver he admitted that he had a copy of company rules and had read them. When counsel for plaintiff attempted to question him concerning rule 253,[1] counsel for defendant objected on the ground that rules and regulations of the company were not admissible in evidence and the objection was sustained.

The question whether, in an action for allegedly negligent injury, the rules adopted by the defendant for the guidance of its employees in the performance of their

1. The rule in its entirety reads:
"253. USE OF BRAKES
"(a) Operators, in making service stops, must use a single brake application which is graduated off continuously.
"(b) Brakes must be almost completely released at the time bus stops. As soon as bus stops, operator must re-apply brakes, to prevent the bus from drifting, and must not release them until all passengers have boarded or alighted and he is ready to proceed.

"(c) Operator must not apply brakes so suddenly as to produce jerks or sudden changes of motion.
"(d) Operator must not operate the bus in such a manner as to make numerous emergency brake applications necessary to avoid accidents. In places where a sudden stop might be necessary, operator must bring the bus under full control, so that such stop could be made without sudden or heavy brake applications."

duties are admissible in evidence has not been uniformly answered in the courts. A majority of the courts hold that such rules are admissible. The cases on the subject are collected in the annotation in 50 A.L.R. 2d 16–72, where it is said that in three-fourths of the jurisdictions where the question has arisen, such rules are held admissible. In the annotation it is said: "The reason most commonly assigned in support of the theory or doctrine of admissibility is that the employer's rule, while not conclusive of the question, constitutes some indication of the care required under the circumstances, and may properly be considered by the jury in determining the question of negligence vel non." 50 A.L.R.2d 20, 21.

In this jurisdiction Judge McLaughlin, of the United States District Court, in 1960, on a motion to compel production of defendant's rules and regulations, said:

"The Court is impressed by the fact that in some three-fourths of the jurisdictions which have considered the issue private rules of an employer, promulgated to his employees, and similar to the Rules involved here, were held admissible. Cf. 50 A.L.R.2d at page 19. The Court does not imply that a demonstrated violation of these Rules would be per se negligence. In this jurisdiction negligence can be predicated only upon a violation of the Common Law duty to exercise reasonable care, or upon the violation of a municipal ordinance (Ross v. Hartman, 78 U.S. App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370). To be sure, these Rules, promulgated by the employer himself, are neither wholly definitive of the Common Law duty, nor are they of a dignity equal to that of a municipal ordinance.

"Yet the Court is in agreement with the reasoning of a number of Courts of high standing and reputation which hold that an employer's rules, while not conclusive of the question, consti-tutes some indication of the care required under the circumstances and may properly be considered in determining the question of negligence." Schneider v. D. C. Transit System, Inc., D.C.D.C., 188 F.Supp. 786, 787.

Both parties here, as well as the trial court, seem to be of the view that Judge McLaughlin's ruling is the only local authority on the subject, and that the question has never been ruled upon in this jurisdiction at appellate level. It is our opinion that the question was answered in 1961 in Koninklijke Luchtvaart Maatschappij N.V. KLM, etc. v. Tuller, 110 U.S.App.D.C. 282, 292 F.2d 775, cert. denied 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136. There in an action arising out of an airplane crash it was held that certain portions of the airline's manual relating to the duties of the radio operator when there is a "ditching" of the airplane were admissible in evidence.[2] Although the subject is not treated at length in the opinion, it appears to us that the highest court of this jurisdiction has approved the majority rule that regulations of a defendant for guidance of its employees in the performance of their duties are admissible and may be considered on the issue of whether due care was exercised by the employee under the particular circumstances of the case. We accordingly hold that subsection (d) of the company's rule 253, relating to emergency stops, was admissible, but we are not convinced that its exclusion constituted reversible error.

In the first place, the record contains only the testimony of the bus driver. In the absence of a complete record of the testimony relating to the incident, it is impossible, or at least extremely difficult, to determine the probable effect on the jury of the exclusion of the rule. In the second place, the record shows that at plaintiff's request the court fully instructed the jury on the duty of a common carrier to its passengers, on the duty of a bus driver to anticipate traffic emergencies, and on his duty

2. 110 U.S.App.D.C. 282, 289, 292 F.2d 775, 782.

when faced with an emergency. In view of these instructions we cannot hold that the error in excluding the rule was substantial enough to warrant a new trial.

Affirmed.