HENDRY, Judge.
A judge of the Eleventh Judicial Circuit has certified to this court, pursuant to Rule 4.6 Florida Appellate Rules, 32 F.S.A., several questions stated to be determinative of the cause now pending below, and which is without controlling precedent in this state.
The plaintiffs have filed their amended complaint. Defendants filed a motion to dismiss the amended complaint with prejudice for failure to state a cause of action against the defendant Barber, owner of the vehicle involved and his insurer, Southeast Title and Insurance Company. Defendants argue that the complaint fails to allege that the defendant Crawford (the driver) was operating defendant Barber’s vehicle with the knowledge and consent of Barber and fails to allege that the injuries complained of were proximately caused by any negligence of the defendant Barber.
The complaint generally alleges that on July 28, 1970, defendant George Barber, the owner of the vehicle, parked his delivery van in a residential area near 7424 S. W. 82nd Street, Miami, Florida. He was using the van to transport a relative to that address and not as a licensed delivery truck or other delivery vehicle. The door was left unlocked and the keys were left in the ignition. Defendant Barber allegedly observed a yard man, or several of them, in the immediate vicinity and near enough to the vehicle to observe the key in the ignition. The keys could also have been observed by other passersby. While he was gone, the delivery van was taken by defendant William Crawford, apparently one of the yard men, for a joy ride. Crawford, it is alleged, negligently drove and collided with an automobile in which plaintiff Edythe Clements was a passenger, causing her serious injury. Mrs. Clements and her husband, who paid her medical' bills, sued the owner, the owner’s insurance carrier, and the driver of the vehicle.'
The facts as alleged in the complaint are taken as admitted, under the pleadings, for the purpose of disposing of the following questions. The petition recites that no issues of fact are involved.
The questions certified are as follows:
“1. In Florida, may one who is injured by the negligent operation by the thief of a motor vehicle recover damages from the owner of the vehicle who negligently leaves it parked and unattended with the keys in the ignition, contrary to [an] ordinance, under circumstances which might reasonably be foreseen to lead to it being stolen and driven by the thief so as to cause injury to someone? (Copy of ordinance attached.)
“2. In Florida, may one who is injured by the negligent operation by the thief of a motor vehicle recover damages from the owner of the vehicle who negligently leaves it parked and unattended with the keys in the ignition under circumstances which might reasonably be foreseen to lead to it being stolen and driven by the thief so as to cause injury to someone?
“3. Do the allegations contained in the amended complaint, if proved, create a jury issue of the liability of the defendant owner of the vehicle in question under (a) public policy recently developed, (b) the foreseeability rule, either or both?
*517 “4. Does a delivery van qualify for the exception to Section 30-79, Code of Metropolitan Dade County, (copy attached) when the delivery van was not being used as a licensed delivery truck at the time of the violation complained of, but instead was being used by the owner for personal transportation purposes ?”
We express the view that the requirement of Rule 4.6(a) that there are “ * * * questions or propositions of law that are determinative of the cause and are without controlling precedent in this state * * * ” is not met as to questions one, two, and three. Lingefelt v. Hanner, Fla.App. 1960, 125 So.2d 325; see also Bryant v. Atlantic Car Rental, Inc., Fla.App.1961, 127 So.2d 910.
We express the view that the requirement of Rule 4.6(a) that the question be “determinative of the cause” is not met as to question four.
The request to answer the questions certified by the trial court is, therefore, denied.
Denied.