PER CURIAM.
The plaintiffs, who are the appellants here, sued the defendants who are respectively, the owner of an automobile and the owner’s insurer. The complaint alleged that the owner left the automobile unattended with doors unlocked and the key in the ignition switch in the unobstructed view of passersby, in an unprotected and unguarded parking place beside the street in an unincorporated area of Dade County, Florida. A stranger whom the owner observed nearby took unlawful possession of the automobile and thereafter damaged plaintiffs in the operation of the automobile. The trial court entered a summary judgment for the defendants upon the authority of the law as stated in Lingefelt v. Hanner, Fla.App.1960, 125 So.2d 325 and Bryant v. Atlantic Car Rental, Inc., Fla.App.1961, 127 So.2d 910.[1]
On this appeal appellant states:
“ . . . we hope to present foursquare the question of whether application of the foreseeability rule to the particular facts of this case, as enunciated by the Supreme Court of Florida and the First DCA, would distinguish the case sub judice from Lingefelt. We are also hopeful that technical advances and public policy developed since the Lingefelt case will persuade the Court to a second look at its holding therein.”
We have examined the arguments advanced in the light of this record and find *466 that the trial judge correctly applied the cited authority and determine that the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law.
Affirmed.

. Prior to the entry of summary judgment, the trial judge certified questions to this court based upon the applicability of the cited eases. This court declined to- answer the questions upon the ground that there was controlling precedent. See Florida Appellate Rule 4.6(a), 32 F.S.A. Clements v. Crawford, Fla.App.1971, 247 So.2d 515.