**RABENOVETS v. CROSSLAND et al.**
**CONSOLIDATED HOME EQUIPMENT**
**CORPORATION v. SAME.**

Nos. 8372, 8373.

United States Court of Appeals for the
District of Columbia.

Argued May 20, 1943.

Decided June 16, 1943.

Mr. William T. Hannan, of Washington, D. C., for appellant in No. 8372.

Mr. Cornelius H. Doherty, of Washington, D. C., for appellant in No. 8373.

Mr. Franklyn Yasmer, of Washington, D. C., for appellees in each case.

Before SOPER, Circuit Judge, sitting by designation, and VINSON and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

An automobile driven by Harold Rabenovets struck and injured the minor appellee Richard Crossland. The minor and his father have recovered judgment against Harold's brother Judas Rabenovets, who owned the car, and against Consolidated Home Equipment Corporation, which sometimes employed Harold Rabenovets as a salesman. Both defendants appeal.

The chief contention of appellant Rabenovets is that appellees should not

---

[4] 53 Stat. 1107, D.C.Code 1940, § 47—1701.

[5] 142 U.S. 339, 12 S.Ct. 250, 35 L.Ed. 1035.

have been permitted, under a complaint which charged a permanently shortened leg, to prove a pelvic tilt and spinal curvature. We need not decide whether the complaint gave adequate notice of the nature of the injuries. If it did not, appellant would have been entitled to a continuance, and we must assume that he would have obtained one on request. Federal Rules of Civil Procedure, rule 15(b), 28 U.S.C.A. following section 723c. He objected to the testimony, but did not ask for a continuance. In these circumstances we are satisfied that there was no prejudicial error in admitting the testimony.

■ Appellant corporation contends that there was no evidence that Harold Rabenovets was engaged in its business at the time of the accident and no evidence that, even if he was so engaged, appellant had any such control or right of control over his manner of driving his brother's car as would subject it to responsibility for his negligence. It is not quite clear whether the first of these contentions is correct, but the second is certainly correct. There was evidence that when Harold Rabenovets acted as a salesman for the corporation he was a "free lance" salesman, entitled to go where he pleased when he pleased and as he pleased. There was no evidence to the contrary. It follows that the judgment as to the corporation must be reversed. Phelps v. Boone, 62 App.D.C. 308; 67 F.2d 574; P. F. Collier & Son Co. v. Hartfeil, 8 Cir., 72 F.2d 625, 629. As to appellant Rabenovets the judgment is affirmed.

No. 8372 affirmed.

No. 8373 reversed.

VINSON, Associate Justice, took part in the consideration of these appeals and agreed in the result, but resigned before the opinion was written.