**Harrison RICHARDSON, Appellant**

v.

**Thomas E. GREGORY, Appellee.**

**No. 15576.**

United States Court of Appeals District of Columbia Circuit.

Argued June 13, 1960.

Decided July 14, 1960.

12. Frisbie v. Whitney, 9 Wall. 187, 192, 193, 76 U.S. 187, 192, 193, 19 L.Ed. 668.

13. Constitution of the United States, Art. 4, § 3, cl. 2.

Messrs. J. H. Krug and Alvin L. Newmyer, Jr., Washington, D. C., for appellant.

Mr. Harry L. Ryan, Jr., Washington, D. C., with whom Mr. Duane G. Derrick, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and BAZELON and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant, plaintiff in the District Court, appeals from a jury verdict for defendant-appellee in an action to recover damages for personal injury.

Plaintiff's testimony established that he was standing on a raised street car platform awaiting transportation. The platform was a concrete island 4½ feet wide and running about 18 inches from and parallel to the tracks; it rose above the street level about the same height as the nearby sidewalk. The plaintiff testified he did not see defendant's auto approaching from behind; the car struck plaintiff, spinning him into the

street and causing severe injuries. The accident occurred at about 11:30 a. m. of a clear day.

The defendant driver said he saw nothing of the plaintiff as he approached the platform, although there was nothing to obscure his vision. He admitted being aware of people standing on the platform. Defendant's wife, who sat beside him in the car, said she saw a blur near the right front of the car just as the impact with plaintiff's body was felt, and she exclaimed, after the impact, "something has hit the car." It was the defendant's contention that the plaintiff negligently walked into the car as it passed the area.

Expert testimony was introduced showing skid marks 28 feet long, which, it is argued, established that defendant did not apply his brakes until a point 44 feet beyond the point of collision. However, no excessive speed was shown. Other expert testimony revealed that the bumper of defendant's car could overhang the boarding platform and could have struck appellant. This supports the plaintiff's theory that defendant was not properly attending his driving duties and passed too close to the platform.

■ In view of defendant's plea of contributory negligence, plaintiff requested a jury instruction on the "last clear chance" rule. The District Court refused the request on the grounds that there was not sufficient evidence that the plaintiff was in a position where the defendant should have seen him. This ruling is attacked as erroneous. We are constrained to agree that it was error to so rule. The accident occurred near midday on a clear day with the driver's vision unobstructed. Competent testimony placed the plaintiff in a conspicuous place on the platform some distance away from others awaiting the street car. According to the testimony of an impartial observer, his position was clearly discernible from a point across the street. If, as defendant contends, he was driving at a safe speed and keeping a proper lookout his failure to see plaintiff standing near the edge of the plat-

form, as plaintiff's testimony claimed, could reasonably be found to be negligence. This is even more likely if, as defendant speculates, plaintiff was close enough to have suddenly "walked into" the side of defendant's auto

■ The last clear chance doctrine "presupposes a perilous situation created or existing through the negligence of both the plaintiff and the defendant, but assumes that there was a time after such negligence had occurred when the defendant could, and the plaintiff could not, by the use of means available, avoid the accident." Dean v. Century Motors, Inc., 1946, 81 U.S.App.D.C. 9, 10, 154 F.2d 201, 202. Evidence was presented suggesting defendant negligently operated his auto. Similarly, if defendant's evidence is to be believed, the plaintiff was not exercising the care necessary for his safety. We thus need go no further in determining the propriety of a "last clear chance" instruction than to decide whether the evidence would have supported a finding that the defendant, in the use of ordinary care and prudence, could have seen the plaintiff's peril and avoided the accident. Rankin v. Shayne Bros., Inc., 1956, 98 U.S.App.D.C. 214, 234 F.2d 35, 38; Cobb v. Capital Transit Co., 1945, 79 U.S.App.D.C. 364, 148 F.2d 217; Dean v. Century Motors, Inc., supra. That question is not determined solely by the defendant's testimony that he did not see plaintiff; if the circumstances were such that the defendant should reasonably have been aware of plaintiff's danger and could have taken the proper precautions to avoid injury, the instruction requested was a correct one. We think the record here warranted that instruction.

Other matters have been assigned as error. Since some of these problems may arise on retrial, we think it proper to discuss them.

■ Certain District of Columbia traffic regulations were read into evidence. The plaintiff urged that if defendant violated these regulations, he would be negligent as a matter of law.

The court refused to so instruct, and instead commented:

"* * * violation of any of these regulations constitutes negligence as a matter of law, *if such violation is a proximate cause of the accident*. Violation of this type of regulation constitutes negligence *only when it proximately causes injury*. If you find that these regulations * * * were violated *and that such violation was a proximate cause of the accident,* then such violation constitutes negligence. However, if you find that the regulations * * * were not violated *or that any violation was not a proximate cause of the accident,* you are instructed that the regulations are of no consequence and its violation, if any, does not constitute negligence in this case." (Emphasis added.)

We think this instruction misleading in that it tends to confuse the clear distinction existing between *negligence* and *liability*.

██ ██ In a legal sense negligence means nothing more or less than substandard care—want of that degree of care the law commands in the particular circumstances. 2 Harper & James 896 (1956). The duty owed by a defendant to those who may be injured by his actions is measured by the risks which those actions create. "The care required is always reasonable care. This standard never varies, but the care which it is reasonable to require of the actor varies with the danger involved in his act and is proportionate thereto. The greater the danger, the greater the care which must be exercised." Restatement Torts § 298, comment a (1934). See Foy v. Friedman, —— U.S.App.D.C. ——, 280 F. 2d 724; Hecht Co. v. Jacobsen, 1950, 86 U.S.App.D.C. 81, 180 F.2d 13; Palsgraf v. Long Island R. R., 1928, 248 N.Y. 339, 162 N.E. 99, 59 A.L.R. 1253.

██ Occasionally, however, legislative action fashions applicable standards of conduct which themselves fix the duty of care required. Failure to meet these community standards stamps the offender "negligent," i. e., failing to exercise that degree of care necessary in the particular situation. From these considerations flows the general rule that where a particular statutory or regulatory standard is enacted to protect persons in the plaintiff's position or to prevent the type of accident that occurred, and the plaintiff can establish his relationship to the statute, unexplained violation of that standard renders the defendant negligent as a matter of law. Ross v. Hartman, 1943, 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370, certiorari denied, 1944, 321 U.S. 790, 64 S. Ct. 790, 88 L.Ed. 1080; Capital Transit Co. v. Hedin, 1955, 95 U.S.App.D.C. 351, 222 F.2d 41; Danzansky v. Zimbolist, 1939, 70 App.D.C. 234, 105 F.2d 457.[1] In such case the court should instruct the jury accordingly. Whether or not the negligence caused the injury is a separate question.

██ Negligence alone does not equal *liability*. A simple breach of duty having no causal connection with the injury cannot produce legal responsibility. The car in question may lack automobile registration tags—a clear violation of statute or regulations—but this omission could hardly be a proximate cause or contribute to injury in a legal sense; hence it is of no consequence. See Ross v. Hartman, supra, 78 U.S.App.D.C. at page 218, note 10, 139 F.2d at page 15; Howard v. Swagart, 1947, 82 U.S.App.D.C. 147, 161 F.2d 651; Casey v. Corson & Gruman Co., 1955, 95 U.S.App.D.C. 178, 221 F.2d 51. We have consistently emphasized that both negligence *and* causation must be proved before the plaintiff can have a verdict. Danzansky v. Zimbolist, supra, 70 App.D.C. at page 236,

1. Of course, certain cases may make it "essentially unfair" to apply the general rule. Hecht Co. v. McLaughlin, 1954, 93 U.S.App.D.C. 382, 214 F.2d 212;

Peigh v. Baltimore & Ohio R. R., 1953, 92 U.S.App.D.C. 198, 204 F.2d 391, 44 A.L.R.2d 671.

**630**

105 F.2d at page 459. It is here that causation concepts are both appropriate and essential since use of the terms "negligence as a matter of law" carries an emotional impact which might easily lead juries to equate *negligence* and *liability*. A proper emphasis on the element of causation must be utilized to put the "negligence per se" doctrine in proper perspective.

■■ Thus a correct instruction on violation of a traffic regulation embraces the idea that violation of a regulation which was made for the protection of one in plaintiff's position is in and of itself negligence in the sense that it is conclusive evidence of failure to exercise due care on the part of the defendant. But it must be made equally clear to a jury that this negligence does not produce *legal liability* unless the jury finds that such negligence is the proximate cause of the injury.[2]

Two other matters call for discussion in relation to a new trial. During the trial plaintiff unsuccessfully attempted to introduce posed photographs illustrating his version of how the car struck him. It is clear that the admission of such demonstrative evidence is within the discretion of the trial court; that court is in the best position to determine whether the photographs properly reflect the testimony, or the circumstances sought to be depicted. On consideration of the rejected photographs we cannot discern clear abuse of that discretion. However, we should add that photographs of a car of the same make and model as that involved here should be received if they are tendered to demonstrate that it was physically possible for a part of the car to strike the plaintiff while he was standing on the platform in the manner described in his testimony. We have little doubt that had such photographs been offered without persons posing on the platform the court would have received them.

■ Finally, defendant testified he saw plaintiff "lying on the street" immediately after the accident. Where plaintiff fell after being struck is an important factual consideration. On cross-examination defendant was asked for impeachment purposes whether he had not told police at the scene that plaintiff was "lying on the platform." In order to rehabilitate the defendant's testimony, defense counsel introduced the police report which portrayed the defendant as saying: "I put my brakes on and stopped and went back and saw this man lying at the edge of the westbound platform with his head lying on the platform. *Apparently he had walked off the platform into the right side of my car.*" Plaintiff challenges the admission of the italicized portion as a self-serving statement inadmissible, for rehabilitation purposes. We agree. That portion of the statement did not go merely towards rehabilitating defendant, but instead was an expression of his *opinion* or speculation as to how the accident occurred. Such a purely speculative opinion was not admissible. The offending portion of the statement should be exercised in the event the statement is offered on retrial.

We have considered other alleged errors and find they have no merit.

Reversed.

2. We are not here concerned with the impact of the "contributory negligence" and "last clear chance" doctrine.