**Cotter M. MATHEWS, Appellant,**

v.

**Stanley A. LINDSAY, Appellee.**

**No. 15272.**

United States Court of Appeals District of Columbia Circuit.

Argued March 18, 1960.

Judgment Entered June 30, 1960.

Opinion Filed July 7, 1960.

Petition for Rehearing En Banc Denied Sept. 19, 1960.

Circuit Judges Wilbur K. Miller and Bastian would grant the petition.

---

Mr. Gordon J. Myatt, Washington, D. C., with whom Messrs. Curtis P. Mitchell and John A. Shorter, Jr., Washington, D. C., were on the brief, for appellant.

Mr. Cornelius H. Doherty, Washington, D. C., for appellee.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

Argued March 18, 1960.

Judgment—Entered June 30, 1960.

PER CURIAM.

This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel.

On Consideration Whereof, it is Ordered and adjudged by this court, Judge Wilbur K. Miller dissenting, that the judgment of the District Court appealed from in this cause is hereby reversed and the cause is remanded to the District Court with directions to award a new trial.

Filed July 7, 1960.

Each judge of the division files a separate statement of his views, as follows:

FAHY, Circuit Judge.

Appellant, who was plaintiff in the District Court, sued there to recover for injuries alleged to have been suffered when struck by an automobile owned and operated by the defendant-appellee. The jury returned a verdict in favor of defendant. Plaintiff appeals from the ensuing judgment.

According to some of the evidence the accident occurred in circumstances which led the court, I think justifiably, to instruct the jury on the doctrine of the last clear chance. In doing so, however, the court twice stated that if the accident occurred in a sudden emergency so that there was no time for defendant to avoid the collision, the doctrine of the last clear chance did not apply. We had so stated in Dean v. Century Motors, Inc., 81 U.S. App.D.C. 9, 10, 154 F.2d 201, 202, pointing out that a defendant is not required to act instantaneously. But we there held that the evidence did not warrant an instruction on last clear chance. When an instruction on each of the two theories is appropriate, special care is necessary to avoid intertwining one with the other. This is so because when reference is made to a sudden emergency in connection with an instruction on last clear chance in a case arising from a vehicular collision the generally emergency character of such an occurrence may be mistakenly thought to preclude a last clear chance.

The essential elements of the latter doctrine were in my opinion correctly stated by the District Court as follows: (1) that plaintiff was in a position of danger caused by negligence of both plaintiff and defendant; (2) that plaintiff was oblivious of the danger or unable to extricate himself from the position of danger; (3) that defendant was aware or by the exercise of reasonable care should have been aware of plaintiff's danger and obliviousness or inability to extricate himself from the danger; and (4) that defendant with means available to him was by the exercise of reasonable care able to avoid striking plaintiff after he became aware of the latter's danger and inability to extricate himself from danger, and failed to do so.

The references to sudden emergency which were added might have led the

jury in the context of the charge as a whole to consider the references as intended to clarify the fourth element above stated, namely, that after plaintiff's and defendant's initial negligence there must have been a time when the defendant could and the plaintiff could not, by the use of means available, avoid the accident.[1] But this fourth element of the last clear chance doctrine I think should be stated in its own terms, as was originally done by the court, rather than in terms of the absence of a sudden emergency, as was added.

It is true that the court's references to a sudden emergency may have been understood by the jury to cover a separate theory of the case and not to clarify the fourth element of the last clear chance. If so, then a fuller instruction was required, explaining that a person may not invoke the sudden emergency doctrine if the emergency was created by his own negligence. See Tuite v. Union Pac. Stages, Inc., 204 Or. 565, 596, 284 P. 2d 333, 347, 1955; Shell Oil Co. v. Slade, 5 Cir., 1943, 133 F.2d 518, 521, note 4.

Where the .evidence warrants submission of both theories, it being left to the jury to accept one or the other according to their resolution of the factual issues, the distinct elements of each doctrine should be explained in the terms by which each is defined. In this way the emergent character a jury might attribute to a collision will not become confused with the doctrine of sudden emergency in the law of torts, and by such confusion also make it difficult for the jury to understand the conditions under which the doctrine of last clear chance comes into play.

Since the necessary clarity was lacking, and since counsel for plaintiff adequately brought the matter to the attention of the court, both by tendering an instruction and objecting to that given, I think he is entitled to a new trial.

1. In a Memorandum Opinion filed with the court's denial of a motion for a new trial the court referred to the sudden

WASHINGTON, Circuit Judge.

This is the case of a pedestrian who attempted to cross a heavily traveled street in the middle of the block, and was caught in the midst of traffic. The judge, in view of all the evidence, properly gave him the benefit of the "last clear chance" doctrine. But the instruction given was beclouded by the judge's mention of "sudden emergency," in words taken from Dean v. Century Motors, Inc., 1946, 81 U.S.App.D.C. 9, 154 F.2d 201. That was a case in which "last clear chance" did not apply. Here, where an instruction on "last clear chance" *was* appropriate, the court's mention of "sudden emergency" may well have produced confusion in the minds of the jurors. It may have led them to the mistaken view that any sudden emergency—and most automobile accidents are regarded by the participants as emergencies—would cancel the necessity that the defendant do what he reasonably can in the circumstances to avoid injuring the plaintiff.

"Emergency," in my view, is in the present context a misleading term, bound to give rise to futile controversy as to which party "caused" the emergency. The last clear chance doctrine presupposes that both parties have been guilty of some negligence: the problem is whether or not the defendant had the final chance to avoid injuring the plaintiff. The solution of that problem is not assisted by talking in terms of an emergency.

WILBUR K. MILLER, Circuit Judge (dissenting).

In Dean v. Century Motors, Inc., 1946, 81 U.S.App.D.C. 9, 154 F.2d 201, we said:

" * * * The doctrine [of last clear chance] presupposes a perilous situation created or existing through the negligence of both the plaintiff and the defendant, but assumes that there was a time after such negli-

emergency doctrine as a corollary to that of the last clear chance.

gence had occurred when the defendant could, and the plaintiff could not, by the use of means available, avoid the accident. *It is not applicable if the emergency is so sudden that there is no time to avoid the collision*, for the defendant is not required to act instantaneously." (Emphasis supplied.)

In this case the trial judge said, inter alia, in his charge to the jury:

"The doctrine of last clear chance presupposes a perilous situation created or existing through the negligence of both plaintiff and the defendant, but assumes there was a time when the defendant could and plaintiff could not, by means available, avoid the accident.

"It is not to be applied if the emergency is so sudden that there is no time to avoid the collision. The burden of proof is upon plaintiff to prove by a fair preponderance of the evidence these four elements: First, that plaintiff was in a position of danger; second, that plaintiff was oblivious of danger or unable to extricate himself from the position of danger; third, that the defendant was aware or by the exercise of reasonable care should have been aware of plaintiff's danger and obliviousness or inability to extricate himself from the danger; and, fourth, that the defendant, with means available to him, was by the exercise of reasonable care able to avoid striking plaintiff after he became aware or should have become aware of the latter's danger and inability to extricate himself from danger, and failed to do so.

"If any one or more of these four elements are wanting then the doctrine has no application and it is your duty to disregard it.

\* \* \* \* \* \*

"Plaintiff asserts that even assuming that he was negligent that he has proved by a fair preponderance of the evidence that he was in a position of danger and unable to extricate himself therefrom, and that the defendant, by the exercise of reasonable care, should have seen plaintiff and have been aware of plaintiff's danger and inability to extricate himself therefrom, and with the means available to him was, by the exercise of reasonable care, able to avoid striking plaintiff after he became aware or should have become aware of plaintiff's danger but failed to do so.

"Defendant, on the other hand, contends that the last clear chance doctrine has no application to the facts in this case. He asserts that because he was in the regular line of traffic closest to the centerline on Constitution Avenue in the exercise of ordinary care he was unable to see plaintiff until after the automobile in front of defendant suddenly swerved to the right and then plaintiff was such a short distance away that defendant, even by the exercise of reasonable care, was unable to avoid striking plaintiff.

"Defendant asserts further that he was faced with a sudden emergency so that there was no time to avoid a collision. Whereas plaintiff contends that there was no emergency; in any event, it was not so sudden as to prevent the defendant, in the exercise of reasonable care, to avoid striking the plaintiff.

"So you see there is a conflict here in this issue and it is for you, ladies and gentlemen of the jury, to resolve this conflict and, if you reach this issue, to determine whether the last clear chance doctrine applies."

It is thus seen that, after the trial judge had correctly defined last clear chance, he made it quite clear that the doctrine does not apply if the defendant "was faced with a sudden emergency so that there was no time to avoid a collision." Whether there was such a sudden emergency which would prevent the application of the last clear chance doctrine, the judge left to the jury.

 

Judge Washington says, "Here * * an instruction on 'last clear chance' was [1] appropriate * * *." Judge Fahy says, "According to some of the evidence the accident occurred in circumstances which led the court, I think justifiably, to instruct the jury on the doctrine of the last clear chance." Thus both my brothers are saying the doctrine of last clear chance was applicable here and that there was no sudden emergency which prevented its application. There was conflicting evidence as to that, however, which led the trial judge to let the jury say whether there was such a sudden emergency: if it should decide there was none, then it should apply the doctrine of last clear chance as defined by the court; if the jury should decide there was such a sudden emergency, then the doctrine of last clear chance was inapplicable and should not be considered. I see no reason why this simple proposition should have produced confusion in the minds of the jurors, as Judge Washington fears it may have done.[2]

Judge Fahy says, "When an instruction on each of the two theories [last clear chance and sudden emergency] is appropriate, special care is necessary to avoid intertwining one with the other." This implies, I think, that in this case the District Court somehow incorrectly intertwined instructions on the two theories. I do not see such intertwining. Here, I repeat, the question whether the facts justified an instruction on last clear chance depended upon whether there was a sudden emergency which made the doctrine inapplicable. There was evidence tending to show such a sudden emergency; there was also evidence to the contrary. I think the trial court was clearly correct in submitting that question of fact to the jury. It was a preliminary question upon which the applicability of the doctrine of last clear chance depended. For, as I have said before, if the jury should decide there was no such

sudden emergency, it should apply the doctrine of last clear chance which the court had clearly and correctly defined; but if the jury should decide there was such a sudden emergency, it should disregard the doctrine of last clear chance as inapplicable.

This was consistent with the above quoted excerpt from the Dean opinion, which holds the last clear chance doctrine is not applicable if the emergency is so sudden that there is no time to avoid a collision; this language clearly contemplates adding to the last clear chance instruction an admonition to that effect. That is what the District Court did.

Being of the view that the charge was correct, I dissent from the reversal of the District Court's judgment.

---

1. Judge Washington's emphasis.

2. Judge Washington says "the court's mention of 'sudden emergency' may well have produced confusion in the minds of the jurors."