Della BLACKWELL, Appellant,

v.

REGAL CAB COMPANY et al., Appellees.

Yurrissan CARTER, Appellant,

v.

REGAL CAB COMPANY et al., Appellees.

Raoul D. CARTER, Appellant,

v.

REGAL CAB COMPANY et al., Appellees.

Nos. 17035–17037.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 10, 1963.

Decided March 7, 1963.

Petition for Rehearing En Banc Denied April 30, 1963.

Mr. Curtis P. Mitchell, Washington, D. C., with whom Messrs. John A. Shorter, Jr. and George B. Kleindorfer, Jr., Washington, D. C., were on the brief, for appellants.

Mr. Allan C. Swingle, Washington, D. C., for appellees Frank E. and Mildred L. Brownell. Mr. Francis C. O'Brien, Washington, D. C., also entered an appearance for appellees Frank E. and Mildred L. Brownell.

Mr. Charles F. Hoelzer, Jr., Washington, D. C., for appellees Regal Cab Co. and Scott. Mr. J. Lawrence Hall, Washington, D. C., also entered an appearance for appellees Regal Cab Co. and Scott.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

On April 2, 1956, Charlie C. Scott was driving a taxicab bearing the insignia of Regal Cab Company in which Della Blackwell and her grandchildren, Yurrissan Carter and Raoul D. Carter, were passengers. As he was proceeding through a street intersection on a green light, he stopped suddenly because of a fire truck coming from his right. Immediately thereafter Scott's cab was struck from the rear by an automobile owned by Mildred Lane Brownell, then being operated by Frank E. Brownell. To recover for alleged injuries sustained in the collision, each of the passengers in the cab sued Scott, Regal Cab Company and the Brownells.[1]

The three cases were consolidated for trial and on November 17, 1961, the jury found for the defendants and judgments were entered in accordance therewith. Della Blackwell and the grandchildren appeal.

■■ One of their points is that the trial court erred in permitting the pre-trial order to be amended, at the close of the plaintiffs' evidence, to include what the appellants call the additional "defense" of sudden emergency. Strictly speaking, sudden emergency is not a separate defense; it is simply a reason advanced by a defendant to show he was not guilty of the negligence with which he had been charged and which he had put in issue by a denial. There was evidence that Scott stopped the cab quickly and suddenly to avoid colliding with a fire engine which was crossing the intersection from his right. In view of this evidence, the trial judge correctly permitted the amendment of the pre-trial order to reflect the claim that a sudden emergency—and not negligence—had caused the collision. The amendment would have been proper even if sudden emergency were a separate defense not provable under the broad issue as to negligence made by the pleadings, for Rule 15(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that

"* * * If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that

---

1. Each complaint named six other persons as defendants and alleged they "were then and there Trading/As Regal Cab Company, Incorporated, a corporation and said defendants were members and officers of the said corporation, or were engaged in a joint business venture * * *." At the pre-trial proceedings, the parties stipulated that five of these defendants were either directors, officers or employees of Regal Cab Company. The name of the sixth probably was omitted from the stipulation through oversight; anyway there was no proof that he was engaged in a joint venture with Regal Cab Company. It seems that the complaints did not state a claim against these six defendants upon which relief could be granted; and there was no evidence that they had any individual responsibility.

the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

The appellants expressly declined the trial court's offer to continue the case to permit additional time to prepare to meet the new claim. We hold that the amendment of the pre-trial order was properly allowed. Meadow Gold Products Co. v. Wright, 108 U.S.App.D.C. 33, 278 F.2d 867 (1960); Rabenovets v. Crossland, 78 U.S.App.D.C. 54, 137 F.2d 675 (1943).

The appellants insist, however, that the issue should not have been submitted to the jury because Scott was guilty of antecedent negligence when he entered the intersection as the traffic light turned green, because he knew fire engines were in the neighborhood, and because he heard the siren of the approaching fire engine before entering the intersection, even though he had not seen it. They say Brownell was also guilty of antecedent negligence in following Scott too closely. Our review of the judge's charge satisfies us that, taken as a whole, it properly instructed the jury as to the issues raised by the pleadings and the conflicting evidence thereon. The charge also contained an adequate treatment of the claim of sudden emergency.

In particular, the evidence raised a jury question as to the alleged antecedent negligence which, if established, would preclude reliance upon sudden emergency. That issue was properly defined when the court said in its charge:

"In connection with this doctrine of sudden emergency, you are instructed that where the operator of a motor vehicle himself creates the emergency or brings about the perilous situation through his own negligence, he cannot avoid liability on the ground that his acts were done in an emergency."

The verdict showed the jury did not accept the plaintiffs' theory of antecedent negligence and did accept the defendant's explanation of sudden emergency. There was evidence to support its conclusions.

Appellants also urge that the District Court erred in denying their motion for a directed verdict on the question of liability. As the issue of sudden emergency was a jury question, this contention is rejected.

Affirmed.

WASHINGTON, Circuit Judge (dissenting).

In Mathews v. Lindsay, 108 U.S.App. D.C. 292, 281 F.2d 927 (1960), this court reversed a judgment for the defendant in an automobile accident case because a majority of the sitting division thought that the charge given must have created confusion in the minds of the jury. While there are differences in the two cases, the chief source of confusion which the majority condemned in the Mathews case was the trial court's discussion of the doctrine of "sudden emergency." As I said in my concurring opinion:

"* * * the court's mention of 'sudden emergency' may well have produced confusion in the minds of the jurors. It may have led them to the mistaken view that any sudden emergency—and most automobile accidents are regarded by the participants as emergencies—would cancel the necessity that the defendant do what he reasonably can in the circumstances to avoid injuring the plaintiff.

"'Emergency,' in my view, is in the present context a misleading term, bound to give rise to futile controversy as to which party 'caused' the emergency." Id. at 294, 281 F.2d at 929.

I think much the same comment can be applied to the present case. Here, indeed, it seems to me that the matter of sudden emergency is not even properly in the case. All parties concede that the actions of the defendants once the emer-

gency arose are free from negligence. There is here no question of a judgment being made in an emergency situation and a challenge by plaintiffs to the prudence of that judgment. The negligence alleged by plaintiffs pertained to the manner in which defendants conducted themselves prior to the existence of an emergency. The negligence charged is the failure to take proper steps to avoid being in any emergency. At best, therefore, the injection of discussion of this "doctrine" into the case merely confused the jury—at worst, the confusion created may have caused them to return a verdict different from that which they would otherwise have rendered.

Assuming, however, that the trial judge was justified in discussing "sudden emergency," and that his initial treatment of the matter was adequate, he made—evidently by inadvertence—a serious misstatement at the close of his charge. He said:

"Ask yourselves collectively a series of questions * * * were the defendants or either of them negligent? * * *

"Was the negligence which you have then found the proximate cause of the injuries to these plaintiffs? * * * If your answer is yes * * you then must consider this doctrine of sudden emergency which I have defined in substantial detail to you.

"If you find that the doctrine of sudden emergency is applicable to the defendants' conduct, *then you at that point find for the defendant or defendants* to whom you apply that standard of conduct * * *." (Emphasis supplied.)

What the jury was told, then, was that they should find for the defendants if they found an emergency. They were told this as though they were required as a matter of law so to find. This statement came at the end of a rather lengthy charge, and must be considered as having nullified the impact of the more correct statement concerning emergency given to the jury some fifteen minutes earlier.

Moreover, an appropriate objection was immediately taken. While this objection was not as clearly stated as might be desired, it was adequate. It pointed out the precise portion of the charge that was misleading, and sufficiently brought out the danger of the approach suggested by the judge.

In my view, the insertion of discussion of emergency when plaintiffs did not claim that negligence had occurred at the point when the emergency arose, and then the misstatement of the weight that consideration of emergency should have in the jury's deliberations, constituted reversible error.