**Julius MAY and Catherine L. May, Appellants,**

v.

**WASHINGTON, VIRGINIA AND MARYLAND COACH COMPANY, Inc., Appellee.**

**No. 3385.**

District of Columbia Court of Appeals.

Argued Dec. 16, 1963.

Decided Feb. 5, 1964.

David F. Smith, Washington, D. C., with whom Dorsey K. Offutt, Washington, D. C., was on the brief, for appellants.

David N. Webster, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

This was a suit by appellant Julius May for personal injuries sustained when he was struck by a bus operated by one of appellee's employees. Appellant Catherine May sued for loss of consortium. The jury returned a verdict for appellee and this appeal followed.

Appellants' first contention is that the trial court failed to charge the jury that appellee had the burden of proving contributory negligence. Appellants contend that while the trial court stated "the party who asserts the affirmative of an issue must carry the burden of proving it," the court never said that contributory negligence was an affirmative defense. We are constrained to agree. A careful reading of the charge discloses that the standardized jury instruction or its equivalent on burden of proving contributory negligence was omitted.[1] We feel such charge must be given in every case where the question of contributory negligence is submitted to the jury. We hold its omission constitutes prejudicial error.

Since some of the other assignments of error may arise on retrial, we feel they require comment. Appellants contend it was error to refuse their requested charge on the doctrine of last clear chance. The elements of that doctrine have been stated in Mathews v. Lindsay, 108 U.S.App.D.C. 292, 281 F.2d 927 (1960). We think that in considering appellants' request the issue posed is whether sufficient evidence has been in-

---

1. "\* \* \* To establish the defense of contributory negligence, the burden is upon the defendant to prove by a preponderance of the evidence that the plaintiff was negligent and that such negligence contributed in some degree as a proximate cause of the injury to the plaintiff. If the defendant fulfills this burden on the issue of contributory negligence, he is entitled to your verdict. If not fulfilled, your decision on the issue of contributory negligence must be in the plaintiff's favor." Revised Standardized Jury Instructions for the District of Columbia, No. 63 (1963).

troduced so that reasonable men could find that appellee's driver should have been aware of Mr. May's danger at a point where precautions could have been taken to avoid the injury. Richardson v. Gregory, 108 U.S.App.D.C. 263, 281 F.2d 626 (1960). Compare Restatement, Torts §§ 479–480 (1934). Similarly, we feel the controlling principles on the doctrine of sudden emergency have been set forth in Blackwell v. Regal Cab Company, 114 U.S.App.D.C. 397, 316 F.2d 398 (1963), and Mathews v. Lindsay, supra. Instruction No. 46 of the Revised Standardized Jury Instructions for the District of Columbia (1963) gives an appropriate model for a sudden emergency charge.

Appellants also contend it was error to admit into evidence a statement by appellee's driver given to the police several hours after the accident. The document was offered by appellee to rehabilitate the driver's testimony on the ground that the testimony of prior witnesses was inconsistent. It was introduced after the direct and cross-examination of the driver, but was not intended to controvert cross-examination impeachment. It was presented simply because of the prior inconsistent statements of other witnesses. Appellee argues that the statement was admissible under United States v. Neverson, 12 D.C. 152, 1 Mackey 152, 169 (1880), and Richardson v. Gregory, supra, 108 U.S.App.D.C. at 267, 281 F.2d at 630. The general rule that prior consistent statements of a witness will not be received to support his trial testimony and the exceptions thereto are reviewed in IV Wigmore on Evidence §§ 1122–1133 (3d ed. 1940). Whether the Neverson and Gregory rulings can be reconciled with the exceptions to the rule is a question we need not presently decide. It is sufficient to say that the statement in the case at bar was inadmissible for the purpose offered.

We find the other assignments of error without merit.

Reversed with instructions to award a new trial.