**JOHN B. KELLY, INC., Appellant,**

v.

**Donald DUNNETT, Appellee.**

**No. 21522.**

United States Court of Appeals District of Columbia Circuit.

Argued April 17, 1968.

Decided June 10, 1968.

Mr. Walter J. Murphy, Jr., Washington, D. C., with whom Mr. John L. Ridge, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Joseph H. Koonz, Jr., Washington, D. C., with whom Messrs. Lee C. Ashcraft, and Martin E. Gerel, Washington, D. C., were on the brief, for appellee.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and McGOWAN, Circuit Judge.

PER CURIAM:

On October 4, 1961, the appellee, Donald Dunnett, was working as a stonecutter on a building being constructed for the Smithsonian Institution. He was an employee of a subcontractor. On that day he was injured in a fall from a scaffold belonging to John B. Kelly, Inc., another subcontractor, which is the appellant here.

Dunnett sued Kelly to recover damages, alleging the latter was negligent in erecting the scaffold. At the pretrial hearing, he claimed his fall was caused by Kelly's alleged failure to furnish him with a safe place to work; that Kelly "failed to provide lap boards on the scaffolding." He contended that in using the scaffold he was an invitee, as that term is defined in Arthur v. Standard Engineering Co., 89 U.S.App.D.C. 399, 193 F.2d 903, 32 A. L.R.2d 408 (1951).

At the conclusion of the appellee's evidence, appellant's motion for a directed verdict was denied. Appellant introduced no evidence, but stood on its motion. The trial judge submitted to the jury the question whether Dunnett was an invitee or a licensee within the meaning of the *Standard Engineering* case, whereupon a verdict awarding damages to Dunnett was returned. On this appeal, Kelly contends the denial of its motion

for a directed verdict was reversible error.

In our view it is immaterial whether Dunnett was an invitee or a licensee, for he failed to prove any negligence on the part of Kelly. Dunnett did indeed testify that he fell because a board was missing from the scaffold, but he did not say or otherwise show that Kelly knew it was gone, or that the board had been missing long enough for the owner of the scaffold to be charged with constructive notice of its absence. In fact, the evidence was to the contrary. One of Dunnett's witnesses testified under cross-examination as follows:

"Q. When you got on the scaffolding, were all the boards in place? A. Yes.

"Q. How long a time elapsed between the time you were on the scaffolding and Mr. Dunnett got on the scaffolding? A. I would say anywhere between fifteen and twenty minutes."

This testimony was uncontradicted. Someone may have removed the lap board during that short interval, but certainly Kelly had no chance to discover its absence and replace it before Dunnett fell. Consequently, the case comes within the ruling of Brodsky v. Safeway Stores, 80 U.S.App.D.C. 301, 152 F.2d 677 (1945).

In that case a customer who, of course, was an invitee slipped on vegetable debris. How it got on the floor or how long it had been there did not appear. We remarked that a customer may have dropped a small vegetable just before Brodsky fell and the Safeway employees may have had no chance to discover and remove it, and said:

"* * * Since there was no evidence to the contrary, there was no evidence of negligence on appellee's part either in creating the alleged condition or in permitting it to continue. Accordingly the trial judge was right in directing a verdict for appellee. A storekeeper is not an insurer of the safety of his premises but is responsible only for negligence. * * *"

So it is here. There was no evidence of negligence on the part of John B. Kelly, Inc., either in creating the alleged condition or in permitting it to continue. Hence, Kelly's motion for a directed verdict should have been granted.

Reversed.

BAZELON, Chief Judge (concurring):

Even if there were some evidence of negligence in the record, I do not think that our decision would depend upon "whether Dunnett was an invitee or a licensee." See Daisey v. Colonial Parking, Inc., 118 U.S.App.D.C. 31, 331 F.2d 777 (1963) (opinion of this writer).