**H. R. H. CONSTRUCTION CORP.,**
**Appellant,**

**v.**

**Denis CONROY, Appellee.**

**No. 22147.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 10, 1969.

Decided April 3, 1969.

Mr. William Clague, Washington, D. C., with whom Mr. Francis C. O'Brien, Washington, D. C., was on the brief, for appellant.

Mr. Armin U. Kuder, Washington, D. C., for appellee.

Before BAZELON, Chief Judge, and McGOWAN and TAMM, Circuit Judges.

TAMM, Circuit Judge:

This cause of action comes before us as an appeal from a judgment of the district court. Since we find the trial, verdict, and judgment free from reversible error under Fed.R.Civ.P. 52(a), we affirm.

Appellant was the general contractor on the building site of the Capital Park Apartments in the southwest section of Washington, D. C., at the time relevant to this litigation. Appellee was employed as a bricklayer on this site by a subcontractor, John B. Kelly, Inc. Mr. Conroy was working in a building which was only partially completed and hence was, at that time, a mere skeletal structure. On each floor of the building there existed numerous floor openings covered by Plyform plywood. These openings were there for the later installation of air register ducts. On May 20, 1964, during the course of his employment, Mr. Conroy was leaving a patio when he stepped upon one of the covered openings and it gave way. Appellee's left leg was thrust into the hole and he fell to the floor. Subsequent medical testimony indicated that appellee suffered injuries to his back. The case was heard in the district court in a trial by jury. The jury awarded appellee (plaintiff below) a verdict of $63,000 but the trial judge proffered and appellee accepted a remittitur in the amount of $30,000.[1] Thus, appellant seeks reversal of the judgment for plaintiff-appellee in the amount of $33,000.

We have reviewed appellant's three allegations of error and find them without merit. Only two require discussion.[2] First, appellant argues that the trial judge erred by instructing the jury that appellant's violation of the District of Columbia Building Code and certain District of Columbia Minimum Wage and Industrial Safety Board regulations (J.A. 76–77)[3] was negligence *per se* rather than merely evidence of negligence.

1. Appellee has accepted the remittitur and does not contest its propriety or constitutionality here on appeal. We do not agree with appellant that the trial judge abused his discretion by ordering a remittitur rather than ordering a new trial. *See* 6A J. MOORE, FEDERAL PRACTICE § 59.05(3) (2d ed. 1965).

2. Appellant's third allegation of error is that the jury's verdict was so excessive that the trial judge abused his discretion by not ordering a new trial. We do not agree. *See* Affolder v. New York, Chicago & St. L. R. R. Co., 339 U.S. 96, 101, 70 S.Ct. 509, 94 L.Ed. 683 (1950).

3. The District of Columbia Building Code (1961 ed.) provides in pertinent part:

§ 3–1311 *Construction.* All * * * temporary structures * * * shall be securely and safely supported to insure safety of persons working thereon. * * *

§ 3–1302(b) *Other Regulations.* The Construction Safety Standards of the Minimum Wage and Industrial Safety Board * * * contain the legal minimum safety requirements applicable to building construction * * * within the District of Columbia.

The District of Columbia Minimum Wage and Industrial Safety Board regulations provide in pertinent part:

Section 11–21089: The covering for floor openings shall be not less than one-by-ten inch planking. * * * Tem-

With regard to this allegation a factual development is necessary. There is undisputed testimony that the opening into which appellee fell was covered by a board which was three inches shorter than the opening (J.A. 48). Appellant did not present any evidence to contravene this fact. Rather, it put on one witness who testified only to the general practice of boarding over openings, with no knowledge of the particular opening involved in this incident (J.A. 63). In other words, the record is completely devoid of *any* specific testimony establishing that this particular covering was *ever* nailed or otherwise securely fastened over the hole. Thus, it seems clear, by an overwhelming preponderance of the evidence adduced at trial, that the appellant-defendant did indeed violate the safety regulations.

This brings us now to the question of the proper charge to be given based upon this evidence. Appellant argues that the instruction given is erroneous under the teaching of Hecht Co. v. McLaughlin, 93 U.S.App.D.C. 382, 214 F.2d 212 (1954) and Karlow v. Fitzgerald, 110 U.S.App. D.C. 9, 288 F.2d 411 (1961). We read these cases, however, as setting down the rule that when the defendant offers evidence *explaining* a safety code violation then the technical violation standing alone cannot be considered negligence *per se*. Here, of course, appellant-defendant offered no evidence whatsoever to explain the safety code violation.

■ We feel that appellant does not fall within the *Hecht Co.-Karlow* rule but instead its conduct falls under another separate and distinct parallel line of authority. Indeed, Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370 (1943), cert. denied, 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080 (1944) and its sequel Richardson v. Gregory, 108 U.S.App.D.C. 263, 281 F.2d 626 (1960) set down the rule in this juris-

diction that (108 U.S.App.D.C. at 266, 281 F.2d at 629)

> where a particular statutory or regulatory standard is enacted to protect persons in the plaintiff's position or to prevent the type of accident that occurred * * * *unexplained* violation of that standard renders the defendant negligent as a matter of law * * *. (Emphasis supplied.)

We hold that appellant falls within the purview of the *Ross-Richardson* rule rather than the *Hecht Co.-Karlow* rule since the safety code violation in this litigation is patently unexplained and appellee is obviously within the class of persons the code was designed to protect. Moreover, we have held in the past that there are two compatible and parallel lines of authority rather than a single contradictory line. Specifically, this court has stated that

> [o]n the issue of negligence, therefore, the principles of Ross v. Hartman * * * apply, rather than those of Hecht Co. v. McLaughlin * * * (citations omitted).[4]

We find, therefore, that appellant's claim is barred under the relevant authority and that the trial judge did not err by instructing the jury that this safety code violation was negligence *per se*.

■ One other element, in addition to violation of the safety regulations, need be present in order to establish appellant's liability. This is, of course, the presence of a causal connection. From the record it is beyond doubt that the violation of the safety regulations, as evidenced by the faulty condition of the hole, caused appellee's injury.

■■ Appellant's second tack for reversal is embodied in an argument that the trial judge erred by not instructing the jury that the plaintiff-appellee had the burden of proving actual or construc-

---

porary working floors shall be * * * laid tight and securely fastened in place * *

Section 11–21002: Securely fastened shall mean (the board) shall withstand

such weight or shock as is reasonably expected. * * *

4. District of Columbia v. Nordstrom, 117 U.S.App.D.C. 165, 168, 327 F.2d 863, 866 (1963).

tive notice of the defective condition. It is apparent, however, that appellant misconceives the law in this area. It is well settled that the trial judge need give only instructions that are related to the evidence adduced during the trial. Clifton v. Mangum, 366 F.2d 250, 253 (10th Cir. 1966); Wong v. Swier, 267 F.2d 749, 761 (9th Cir. 1959); 2B BARRON AND HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE (Wright ed.) § 1102, n. 18 and cases cited therein. Here, appellee-plaintiff established that the board covering the hole was not "securely fastened" and that therefore appellant was in violation of several safety code regulations. Appellant did not offer a scintilla of evidence to rebut this. It did not make any showing that this opening had *ever* been properly covered. More specifically, appellant offered no evidence to show that the board had been nailed or covered with tape or anything else indicative of compliance, at any time, with the safety code. To the contrary, appellant argues that some mysterious intervening force removed the original board and replaced it with one three inches shorter. Armed with this unsupported allegation appellant seeks to gain reversal under the dictates of our recent holding in John B. Kelly, Inc. v. Dunnett, 130 U.S.App.D.C. 150, 397 F.2d 711 (1968). In that case, however, the defendant introduced affirmative evidence showing that the board which caused the accident was actually in place approximately fifteen minutes before the accident. Here there was a complete dearth of any such evidence. Hence, based upon the record at trial, we find that there was no evidence upon which an instruction on notice could have been based. *Cf.* Brodsky v. Safeway Stores, Inc., 80 U.S.App.D.C. 301, 152 F.2d 677 (1945).

Since we find that none of appellant's objections to the decision rendered in the district court enable us to discern any reversible error, the district court disposition must be affirmed.

Affirmed.