LAURENS MILLS v. JOHN J. RYAN & SONS, Inc.

United States District Court
S. D. New York.
Jan. 14, 1953.

Townley, Updike & Carter, New York City (Stuart N. Updike and James W. Rodgers, New York City, of counsel), for plaintiff.

Donovan, Leisure, Newton, Lumbard & Irvine, New York City (James V. Hayes and Burr F. Coleman, New York City, of counsel), for defendant.

MURPHY, District Judge.

This is a motion by plaintiff for an order requiring defendant, whose deposition is now being taken, to answer certain questions and produce certain documents. The action is one for the breach of a contract of sale of rayon by defendant to plaintiff. The first cause of action alleges that on July 18, 1950 the parties made a contract under which defendant sold to plaintiff 500,000 pounds of French viscose rayon staple at 32½ cents per pound for delivery during the month of October, 1950. It is further alleged that defendant delivered 159,079 pounds, but in December, 1950 notified plaintiff that the contract was cancelled and thereafter failed and refused to deliver the remainder of the goods to plaintiff's damage. The second cause of action alleges a similar contract between the same parties made on August 8, 1950, this one for 500,000 pounds of Italian viscose at 35 cents per pound, delivery in November, 1950. It is further alleged that defendant delivered only 122,848 pounds and notified plaintiff in March, 1951 that this contract was cancelled and thereafter failed and refused to deliver the balance of the goods to plaintiff's damage. Plaintiff contends that defendant's refusal to deliver was occasioned by a sharp rise in price of rayon consequent to the outbreak of hostilities in Korea in June, 1950.

Defendant's answer admits the contracts and failure to make deliveries under them, but denies breach thereof because each contained this provision:

"It is understood that this is a sale of imported merchandise and that deliveries can only be made if, as and when received by us. In the event that for reasons beyond our control this contract is not completed, we are not to be held responsible for replacement or loss of profit."

Defendant contends that since it had not received rayon, there was no obligation for it to perform under the contracts.

The answers and documents of defendant which are sought by plaintiff relate to circumstances surrounding the conceded failure to deliver. Plaintiff seeks information on imports and sales between January and June of 1950, interrelationship of defendant with other corporations in this line of business, month by month imports and sales by defendant from January, 1950, sales by defendant subsequent to a French decree allegedly prohibiting exports of rayon except under certain conditions in November, 1950, defendant's efforts to obtain wood pulp after this decree and defendant's cost price of French rayon staple from July 1, 1950 for one year forward.

Defendant insists that in the absence of a defense of legal or factual impossibility in its answer or a cause of action for conspiracy in plaintiff's complaint, these inquiries concern the motivation for its conduct and consequently are irrelevant.

It would be repetitious to state that the scope of pre-trial examination in the Federal Courts is sweeping and covers not only evidence for use at trial but also matters inadmissible as evidence but leading to discovery of admissible evidence. "No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case." Hickman v. Taylor, 329 U.S. 495 at page 507, 67 S.Ct. 385, at page 392, 91 L.Ed. 451. It is not however correct to intimate that unlimited discovery is permitted. There are no allegations by defendant that the proposed examinations are sought in bad faith or to annoy, embarrass or oppress. Cf. rule 30(b) and (d), Fed. Rules Civ.Proc. 28 U.S.C.A. And it is by no means established that the plaintiff's inquiries are clearly not relevant to the probable issues in the case. Cf. rule 26(b), Fed.Rules Civ.Proc. 28 U.S.C.A. It is well

settled in the substantive law of contracts that if a promisor is himself the cause of the failure of performance, either of an obligation or condition, he cannot take advantage of the failure. 3 Williston Contracts (1936 Ed.) § 677, p. 1952.

Plaintiff's motion accordingly is granted. Settle order.