**Sara B. SCHNEIDER, Plaintiff,**

v.

**D. C. TRANSIT SYSTEM, INC., et al., Defendants.**

**Civ. A. No. 1983–60.**

United States District Court
District of Columbia.

Nov. 29, 1960.

Jules Fink, Washington, D. C., for plaintiff.

Harold Smith, Asst. Gen. Counsel, Washington, D. C., for defendants.

McLAUGHLIN, District Judge.

This is a motion to compel the production by defendant, D. C. Transit System, Inc., of its Rules and Regulations (hereinafter referred to as Rules) promulgated to its employees. The motion arises out of an action for personal injuries allegedly suffered when plaintiff fell while alighting from defendant's bus.

The question whether a plaintiff in a personal injury action is entitled to the production of the private rules of the defendant carrier is one of novel impression in this jurisdiction. Unable to find

a controlling authority from our Court of Appeals, the Court must turn to the decisions of other jurisdictions which have considered the problem and decide the matter in conformity with what it considers the weight of authority and the better reasoned authority.

Counsel for both parties have conceded that the real question here is whether or not such Rules might be admissible in evidence at the trial of this case. If there is a theory or theories upon which the Rules might be received in evidence then they are within the scope of discovery, as defined in Rule 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Cf. Laurens Mills v. John J. Ryan & Sons, D.C.S.D.N.Y., 14 F.R.D. 191; Schweinert v. Insurance Co. of North America, D.C.S.D.N.Y., 1 F.R.D. 247.

The Court is impressed by the fact that in some three-fourths of the jurisdictions which have considered the issue private rules of an employer, promulgated to his employees, and similar to the Rules involved here, were held admissible. Cf. 50 A.L.R.2d at page 19. The Court does not imply that a demonstrated violation of these Rules would be per se negligence. In this jurisdiction negligence can be predicated only upon a violation of the Common Law duty to exercise reasonable care, or upon the violation of a municipal ordinance (Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370). To be sure, these Rules, promulgated by the employer himself, are neither wholly definitive of the Common Law duty, nor are they of a dignity equal to that of a municipal ordinance.

Yet the Court is in agreement with the reasoning of a number of Courts of high standing and reputation which hold that an employer's rules, while not conclusive of the question, constitutes some indication of the care required under the circumstances and may properly be considered in determining the question of negligence. Davis v. Johnson, 128 Cal.App.2d 466, 275 P.2d 563; State to Use of Creasey v. Pennsylvania R. Co., 190 Md. 586, 59 A.2d 190; Foster v. Kansas City S. R. Co., Mo., 235 S.W. 1070; Callaway v. Pickard, 68 Ga.App. 637, 23 S.E.2d 564.

Thus, while the Court, not having seen these particular Rules is not passing on their admissibility it may be seen from the foregoing analysis that they are at least potentially admissible and therefore within the permissible scope of discovery under the discovery provisions of the Federal Rules of Civil Procedure.

It is therefore

Ordered that the motion to compel production be, and the same is hereby granted.