**James F. GREEN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. Civ.A. 94–2004 SSH.**

United States District Court,
District of Columbia.

Jan. 14, 1998.

---

Leonard Paul Buscemi, Arlington, VA, for Plaintiff.

David T. Smorodin, Cynthia Ann Schnedar, Asst. U.S. Attys., Washington, DC, for Defendant.

## OPINION

STANLEY S. HARRIS, District Judge.

This personal injury action arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* On September 22, 1992, plaintiff was walking northbound on Anacostia Park Drive in Anacostia Park in Washington, D.C., when he was hit from behind by a motorcycle operated by Officer Jack P. Williams of the United States Park Police ("USPP"), National Park Service, Department of the Interior. At the time of the accident, Officer Williams was riding a USPP motorcycle and was acting within the scope of his official duties.

Plaintiff alleges that Officer Williams's negligent operation of his police motorcycle caused various injuries to plaintiff's head, back, and ankle. In addition to medical expenses associated with the accident, which total $5,047.00, plaintiff seeks to recover for pain and suffering, future medical expenses, and past and future loss of earnings, plus the costs of the instant action.

Defendant contends that Officer Williams was not negligent in his operation of the motorcycle. Moreover, defendant contends that, even if the officer was negligent, plaintiff's recovery nevertheless would be precluded because he was contributorily negligent

and because he assumed the risk of his injuries. Defendant also contends that plaintiff has not established damages, save the medical expenses associated with the accident.

The Court conducted a bench trial. This Opinion sets forth the Court's findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52(a). Based on the credible evidence presented at trial, the Court concludes that (1) Officer Williams was not negligent in his operation of the USPP motorcycle, and therefore that recovery is not available under the FTCA, 28 U.S.C. § 2675(a), and that (2) even if Williams was negligent, plaintiff's recovery would be precluded both by his own contributory negligence and by his assumption of risk. Because the Court concludes that defendant is not liable for plaintiff's injuries, it does not address the issue of damages.

### Findings of Fact

On September 22, 1992, plaintiff, then a 63–year–old retiree, was walking northbound, facing traffic, on Anacostia Park Drive. A sign posted by the roadway warned vehicles and pedestrians alike that they might be confronted by "multi-purpose" traffic.[1]

While he was walking, plaintiff saw two large construction trucks traveling toward him. He concluded that there was no room for him to stay on the west side of Anacostia Park Drive and crossed to the east side of the road, where he was headed northbound and walking in the direction of traffic.

Prior to the accident, he walked in the concrete gutter portion of the road. There is a grass or unpaved area next to the road that is used by pedestrians and joggers. There were no obstacles that would have prevented plaintiff from walking alongside, rather than in, the roadway. Although plaintiff testified at trial that there was an obstacle that pre-vented his walking alongside the roadway, he was unable to identify any such obstacle on any of the photographs that were taken immediately after the accident. The Court thus does not find this testimony credible.

Officer Williams, a certified motorcycle instructor who was traveling northbound on a Harley–Davidson motorcycle at 20 miles per hour, observed plaintiff at a distance of approximately 100 feet; plaintiff was seen to be in the concrete gutter. Officer Williams was traveling on the right side of the roadway because trucks were approaching from the opposite direction.[2] When the motorcycle was about ten feet from plaintiff, plaintiff took two or three steps diagonally to the left.[3] Plaintiff stepped suddenly, and without looking to see whether traffic was approaching, into the path of the motorcycle. Officer Williams attempted to swerve out of plaintiff's way, sounded his horn, and applied his brakes.[4] Despite these efforts, and because of the short distance, he was unable to avoid hitting plaintiff. Plaintiff was hit in the rear by the front of the motorcycle; the rear of his head struck the windshield. Officer Williams was thrown from the motorcycle, which fell to the right, rotated nearly 180 degrees, and left gouge marks in the asphalt road. Plaintiff sustained injuries to his back, head, and ankle as a result of the accident. He was transported to the District of Columbia General Hospital, where he was treated for contusions and lacerations, and released.[5]

Sergeant McGovern was the investigating officer. He took photographs of the accident site soon after the accident. The faint tire mark, which is consistent with the size and shape of Harley–Davidson tires, on these photographs shows the approximate location where Officer Williams first applied his brakes. The tire mark shows that the impact with plaintiff occurred in the asphalt

---

1. The sign read: "MULTI–PURPOSE ROADWAY PLEASE DRIVE CAREFULLY."

2. This is standard operating procedure for motorcycles. The center of the road is less safe, as oils and other car fluids tend to collect there.

3. Plaintiff testified during cross-examination that he did not recall whether he had stepped into the roadway.

4. Henry Cosby and Clarence Butler testified, as did plaintiff, that they did not hear a horn or the screech of braking prior to the accident. Cosby and Butler both stated during cross-examination that there were various noise distractions that morning, including the sounds from the nearby expressway traffic and bridge construction.

5. The injury to plaintiff's ankle was not discovered until later.

roadway, several feet from the concrete gutter. The resting place of the motorcycle and the gouge marks in the asphalt confirm that the accident occurred on the asphalt portion of the roadway. The evidence that the impact occurred in the roadway supports the Court's finding that plaintiff had stepped into the roadway prior to the impact.

### Conclusions of Law

The FTCA provides a basis for recovery against the United States for the negligent and wrongful actions of its employees. 28 U.S.C. § 2675. The potential liability of the United States is governed by the law of the jurisdiction in which the alleged negligent or wrongful act occurred. 28 U.S.C. § 2674. In the District of Columbia, there is liability for negligence only where there is a duty, a breach of that duty, and injury proximately caused by that breach. *Williams v. Baker,* 572 A.2d 1062 (D.C.1990). A breach of duty may be said to occur from the violation of a common-law duty, such as the duty to exercise ordinary or reasonable care,[6] or from the violation of a municipal ordinance. *Schneider v. District of Columbia Transit Sys.,* 188 F.Supp. 786 (D.D.C.1960).

■ Here, the testimony of the witnesses and other evidence adduced at trial does not demonstrate by a preponderance of the evidence that Officer Williams's operation of the motorcycle was "negligent or wrongful." Accordingly, plaintiff cannot recover under the FTCA. *See* 28 U.S.C. § 2675(a). Officer Williams, who was experienced and a certified motorcycle instructor, was traveling at the posted speed limit of 20 miles per hour. His traveling in the right portion of the lane, which is less safe for pedestrians, was reasonable under the circumstances, as approaching truck-traffic made riding in the left portion impractical, and as plaintiff was initially in the concrete gutter, rather than in the roadway. Moreover, there was no showing at trial that riding in the right is "unsafe," and the Court observes, in any event, that a motorcycle traveling on the right poses no greater threat to pedestrians than a car, as a motorcycle on the right portion of the road travels in the same area as the right

side of an automobile. In addition, when Officer Williams saw plaintiff in the roadway only some ten feet away, he swerved, sounded his horn, and applied his brakes. The Court observes that Officer Williams did not breach his duty by failing to sound his horn and apply his brakes when he first noticed plaintiff 100 feet away; at that time, plaintiff was in the concrete gutter, not in the roadway in the motorcycle's path.

■ Assuming *arguendo* that Officer Williams was negligent, however, plaintiff would be unable to recover damages because of his contributory negligence and assumption of risk. A plaintiff may not recover damages, even against a negligent defendant, where the plaintiff has been contributorily negligent. *George Washington University v. Waas,* 648 A.2d 178, 180 (D.C.1994); *see also District of Columbia v. Mitchell,* 533 A.2d 629, 639–640 (D.C.1987). Thus, any failure on plaintiff's part to exert reasonable care under the circumstances will preclude recovery. *Waas,* 648 A.2d at 180. The violation of a municipal law or regulation when "the regulation was designed to prevent the type of accident that occurred" constitutes negligence *per se. Lyons v. Barrazotto,* 667 A.2d 314, 323 (D.C.1995). Similarly, the doctrine of assumption of risk, which applies when a plaintiff has voluntarily incurred a known risk, also precludes recovery of damages. *Mitchell,* 533 A.2d at 639.

■ Plaintiff engaged in unreasonable conduct by stepping into the northbound roadway without first checking for oncoming traffic from behind him. *See Lyons,* 667 A.2d at 321. In addition, plaintiff's conduct violated several District of Columbia Municipal Regulations ("DCMRs"), all of which were designed to prevent harm by motor vehicles to pedestrians walking in roadways. Thus, these violations constitute negligence *per se. See id.* at 323.

DCMR § 2305.5 provides:

Where sidewalks are not provided, any pedestrian walking along and upon a street or highway shall, where practicable, walk

---

6. In the District, there is a uniform standard of conduct, which is reasonable care under the circumstances. *Morgan v. District of Columbia,* 468 A.2d 1306 (D.C.1983).

only on the left side of the roadway or its shoulder facing traffic which may approach from the opposite direction.

*Id.* The purpose of this regulation is to ensure that pedestrians face traffic so that they may observe oncoming traffic and protect themselves. Although plaintiff contends that it was not "practicable" for him to walk facing traffic because a truck was approaching, and thus there was insufficient room in the roadway, this argument ignores the fact that plaintiff could have either walked on the ground alongside the roadway, or stepped off the roadway and waited for the truck to pass.

DCMR § 2303.2 provides:

No pedestrian shall suddenly leave a curb, safety platform, safety zone, loading platform or other designated place of safety and walk or turn into the path of a vehicle which is so close that it is impossible for the driver to yield.

*Id.* This regulation, too, is plainly designed to protect pedestrians from being hit by oncoming traffic. Because the Court finds that plaintiff's sudden movement into the roadway, some ten feet from the motorcycle, made it "impossible for the driver to yield," *see id.*, the Court concludes that plaintiff violated this DCMR.

DCMR § 2304.2 provides:

Each pedestrian crossing a roadway at any point other than within a marked crosswalk, or within an unmarked crosswalk at an intersection, shall yield the right-of-way to all vehicles upon the roadway.

*Id.* Thus, even if plaintiff purposely began to cross Anacostia Park Drive, such a crossing failed to conform to this DCMR.

In addition, the Court concludes that plaintiff assumed the risk of his injuries by (1) crossing to the wrong side of the road because of approaching trucks, and continuing to walk in the roadway, rather than walking on the area alongside the road or waiting for the trucks to pass, and by (2) stepping into a roadway frequented by vehicles without first checking for oncoming traffic. It should have been clear to plaintiff that such actions would create a dangerous situation.

*Conclusion*

Upon consideration of the foregoing, judgment is entered for defendant. An appropriate Judgment accompanies this Opinion.

*JUDGMENT*

For the reasons stated in the accompanying Opinion, it hereby is

ORDERED, that judgment is entered for defendant.